[No. 14786.  *En Banc.*  May 7, 1918.]

THE STATE OF WASHINGTON, *on the Relation of Seaborn Shipyards Company, Plaintiff,* v. THE SUPERIOR COURT FOR PIERCE COUNTY, *Respondent.*[1]

FORCIBLE ENTRY AND DETAINER — RELIEF — AMENDMENT OF COMPLAINT. An action for unlawful detainer may not, by amendment of the complaint, be changed, over the defendant's objection by demurrer thereto, to an action for equitable relief; and the court having jurisdiction only by a strict compliance with the statute, has no power to grant injunctive relief.

PROHIBITION—WHEN LIES—To COURTS. Prohibition lies to prevent a superior court, having jurisdiction only for the purpose of determining issues in unlawful detainer, from granting injunctive relief, under an attempted amendment over defendant's objection.

Application filed in the supreme court April 15, 1918, for a writ of prohibition to prevent the superior court for Pierce county, Clifford, J., from entering a decree. Granted.

*Huffer & Hayden,* for relator.

*Fletcher & Evans,* for respondent.

MACKINTOSH, J.—In the city of Tacoma, two adjoining shipyards are being operated, one by the relator, and one by George P. Wright. Wright instituted an action of unlawful detainer, or forcible entry and detainer, against the relator in the superior court for Pierce county, alleging that the relator had entered upon a portion of the Wright premises and had refused to remove therefrom, and praying that the premises be restored to him, and for double damages for the wrongful possession thereof. To this complaint the relator demurred, and subsequently, permission having been obtained, Wright filed in the same action an amended complaint in which he sought to require the

[1]Reported in 172 Pac. 826.

relator to remove certain appliances from the Wright premises and to cease to occupy or use the same. To this amended complaint, the relator demurred, one of the grounds of his demurrer being that the amended complaint did not state facts constituting a cause of action in unlawful detainer or forcible entry and detainer. The demurrer being overruled, the relator answered, and after trial, the court found for Wright, fixed his damages, and announced that it would grant a permanent prohibitory injunction and restraining order requiring the relator to cease doing the things complained of, and requiring him to perform certain affirmative acts. The relator then applied to this court for a writ of prohibition restraining the superior court for Pierce county from making and signing findings and conclusions and entering a decree in conformity with the decision which it announced at the conclusion of the trial.

The question for consideration in this case is: Can a person, having begun an action of unlawful detainer or forcible entry and detainer, subsequently, by filing an amended complaint, change that action over the objection of the defendant, proceed with the new action as an equitable one, and have entered a decree in equity?

The action of unlawful detainer, or forcible entry and detainer, is a special statutory summary proceeding in derogation of the common law, and, to confer jurisdiction upon the court, each step provided by the statute must be strictly complied with. *Big Bend Land Co. v. Huston,* 98 Wash. 640, 168 Pac. 470. The relator having been brought into court under a special summons and compelled to defend against a special proceeding, the court obtained jurisdiction of him for a special purpose only, namely, to determine the issue in an unlawful detainer or forcible entry and detainer

action.  The court's jurisdiction of the relator was
limited, and after having obtained that limited juris-
diction, the court could not, by amendment, allow the
special proceedings to be transformed into a general
proceeding, either at law or in equity, the relator at
all times objecting to the court proceeding other than
to the trial of an unlawful detainer, or forcible entry
and detainer, case.  The court having jurisdiction only
by virtue of a strict compliance with a special statute,
was, to all intents and purposes, sitting as a special
tribunal, restricted to the determination of a special
statutory proceeding, and was not sitting as a court
with general legal or equitable jurisdiction, and had
no jurisdiction to determine any other issue than that
presentable under the special statute.  The relator
having appeared in the case before the filing of an
amended complaint, there was no way in which he
could have objected to the court's jurisdiction to try
the case as an action in equity, except by such motions
and demurrers as appear in this case.  There is not in-
volved in this proceeding any question of the waiver of
a special appearance, for at no time was there any op-
portunity for the relator to have specially appeared
and objected to the jurisdiction, for this case is unlike
the case of *Matson v. Kennecott Mines Co.*, 101 Wash.
12, 171 Pac. 1040, the court here had properly acquired
jurisdiction of the relator in a special proceeding,
but thereafter attempted to change the nature of the
action, and the relator, having appeared generally,
could not then remove himself from the case and re-
turn by way of a special appearance.  This was an ac-
tion in unlawful detainer, or forcible entry and de-
tainer, because of the allegations in the original com-
plaint, the prayer thereof, and the summons by which
the relator was brought into court.  As was said in
*Jeffries v. Spencer*, 86 Wash. 133, 149 Pac. 651, "the

special summons here employed would be wholly insufficient to confer jurisdiction of the parties in an action of ejectment.''

The court never having had jurisdiction of the relator for any purpose other than to determine the issues in an unlawful detainer or forcible entry and detainer action, it follows that the court was without power to proceed in and determine an equitable action and could not grant injunctive relief, hence the writ must issue.

It is so ordered.

CHADWICK, PARKER, FULLERTON, and WEBSTER, JJ., concur.

ELLIS, C. J., took no part.