[No. 33455. Department One. May 17, 1956.]

BRYCE LITTLE et al., Respondents, v. TONY CATANIA et al., Appellants.[1]

[1]Reported in 297 P. (2d) 255.

*Raymond C. Brumbach,* for appellants.

*J. B. Pennington* and *Bryce Little,* for respondents.

FINLEY, J.—This is an action for unlawful detainer. The defendants were served with a twelve-day summons, as prescribed by RCW 59.12.070 and RCW 59.12.080. It stated in part that "This is an unlawful detainer action for the recovery of the immediate possession of real property . . . " The defendants appeared on March 1, 1955, the return date. The presiding judge set the case for an early trial, and on April 6, 1955, the action came on for hearing. This was in accordance with RCW 59.12.130, which reads, in part: "Actions under this chapter shall take precedence over all other civil actions."

The plaintiffs alleged in their complaint that the defendants were in possession of the premises in question, and that they were in default in the payment of rent. Plaintiffs asked for immediate possession of the premises, and that the reasonable rental thereof be fixed at $225 per month and continue "during such time as the defendants shall continue in unlawful and wrongful possession of said premises and that said amount be doubled pursuant to

statute." Incidental to ousting defendants from possession, the court was asked to determine the ownership of certain equipment and furniture located on the premises.

The statutory three-day notice was neither pleaded nor proved. The trial judge was cognizant of this fact, and, at the close of the case, he announced, "I am treating this as an ordinary lawsuit, even though he doesn't have a twenty day summons, because you gentlemen came in here and did it." The trial court then (a) held that the plaintiffs were entitled to immediate possession of the premises, (b) determined the ownership of the equipment and furniture located on the premises, and (c) held that $125 per month constituted a reasonable rental for the storage of defendants' equipment located on the premises. The defendants have appealed.

■ The giving of the statutory three-day notice is a condition precedent to an unlawful detainer action. It is a fact to be established upon the trial before the court may pronounce a judgment of unlawful detainer. In the case at bar, the three-day notice was neither pleaded nor proved; therefore, any judgment of unlawful detainer was erroneous. *State ex rel. Robertson v. Superior Court,* 95 Wash. 447, 164 Pac. 63; *Davis v. Palmer,* 39 Wn. (2d) 219, 235 P. (2d) 151.

■ Even if the respondents had complied strictly with the statutory requirements for an unlawful detainer action, it would have been error for the trial court to have determined the ownership of the property located on the premises. See *Provident Mut. Life Ins. Co. v. Thrower,* 155 Wash. 613, 285 Pac. 654, and cases cited.

■ The respondents argue that the appellants waived all defects and invoked the general jurisdiction of the court by making a general appearance and failing to move against the summons or the complaint. However, the appellants were brought into court under a special *twelve-day summons;* and, in view of the nature of the summons and complaint, they had no reason to appear specially and object to the court's jurisdiction. Furthermore, after the trial court had announced that it was treating the action

as an ordinary lawsuit, the appellants could not then remove themselves from the case and return by way of a special appearance. *State ex rel. Seaborn Shipyards Co. v. Superior Court,* 102 Wash. 215, 172 Pac. 826.

■ The special summons employed was wholly insufficient to give the court jurisdiction of the parties in a general proceeding. *Jeffries v. Spencer,* 86 Wash. 133, 149 Pac. 651; *State ex rel. Seaborn Shipyards Co. v. Superior Court, supra.* The court obtained jurisdiction of the parties for a limited statutory purpose only—namely, to determine the issue of possession in an unlawful detainer action. Having obtained that limited jurisdiction, the court could not transform the special statutory proceedings into an ordinary lawsuit, and determine the issues and grant relief therein as though the action was a general proceeding.

In *Young Women's Christian Ass'n v. Lapresto* (Mo.), 169 S. W. (2d) 78, the Missouri court made a statement which is pertinent to the problem now before us:

"As much as we regret to reverse a case for what on first impression may be called a technicality, on the other hand the very thing which instills in the mind of the thinking person a confidence and respect for the courts is the fact that they jealously guard against acting in any matter where jurisdiction may be lacking and is not apparent upon the face of the record."

The judgment appealed from is reversed, and the cause remanded with instructions to dismiss. The parties hereto will be left to the enforcement of such rights as they may have in some more appropriate proceedings, as to which we express no opinion.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and OTT, JJ., concur.

September 25, 1956. Petition for rehearing denied.