[No. 33659.   Department One.   March 7, 1957.]

MARIE WEEKS SOWERS, *Respondent*, v. ALEX LEWIS, *Appellant*.[1]

[1]Reported in 307 P. (2d) 1064.

*Jacob Kalina,* for appellant.

OTT, J.—This is an unlawful detainer proceeding. Plaintiff's complaint alleged two causes of action. The first cause pleaded that, on or about December 1, 1954, Marie Weeks Sowers leased to Alex Lewis certain real estate in King county, together with furniture, fixtures, and equipment itemized and attached to the written lease; that the defendant, Alex Lewis, agreed to pay rent in the amount of three thousand dollars a year, in monthly installments of two hundred fifty dollars commencing December 1, 1954; that Lewis took possession of the premises, including the furniture, fixtures, and equipment; that the defendant was delinquent in the payment of rent in the amount of seventeen hundred fifty dollars; that he had been served with a three-day notice to pay the rent or, in the alternative, to vacate and surrender the premises; and that the defendant neglected to pay, refused to surrender the premises, and unlawfully continued in possession.

For a second cause of action, plaintiff realleged the execution of the lease and pleaded a breach of covenant, in that the defendant had failed to renew and pay for certain insurance coverages, and that plaintiff was obliged to pay the premium in the sum of $710.98.

Upon the first cause of action, plaintiff prayed for judgment against defendant of double the amount of rent due, for restitution and possession of the premises, and for forfeiture of the lease; and, upon the second cause of action, for judgment against the defendant in the sum of $710.98, together with costs and disbursements.

The defendant appeared specially and moved that the proceedings be quashed upon the ground, among others, that the court had no jurisdiction over the person of the defendant or over the subject matter of the action. The plaintiff moved to strike defendant's motion to quash, upon the ground that such a motion was not a proper one in an unlawful detainer action. The court denied the motion to quash and allowed the defendant three days in which to answer. Reserving his special appearance, the defendant then filed a demurrer upon six of the statutory grounds,

which included the jurisdictional grounds urged in the motion to quash. The court overruled the demurrer and ordered the defendant to answer within three days. The defendant elected to stand upon his motion to quash and demurrer. An order of default, findings of fact, conclusions of law, and judgment were entered.

By the judgment, the plaintiff, upon her first cause of action, was restored to possession of the real property, awarded double rental recovery, and the lease was declared forfeited. Upon her second cause of action, plaintiff was awarded the sum of $710.98, together with costs and disbursements.

The defendant has appealed from the judgment, and contends that the court erred in denying the motion to quash and in overruling the demurrer.

By appellant's special appearance, the jurisdiction of the court over the person of the appellant and over the subject matter of the action was put in issue. RCW 4.28.210 [*cf.* Rem. Rev. Stat., § 241] provides in part:

"Every such appearance made in an action shall be deemed a general appearance, unless the defendant in making the same states that the same is a special appearance."

In compliance with the above statute, the appellant did appear specially. We have held that, when one appears specially, the jurisdiction of the court over the person and subject matter is properly before the court by a motion to quash. *Matson v. Kennecott Mines Co.*, 103 Wash. 499, 175 Pac. 181 (1918).

An unlawful detainer action is a special proceeding which relates only to real estate. RCW 59.12.030. There must be a substantial compliance with the requisites of such a statute. *Provident Mut. Life Ins. Co. v. Thrower*, 155 Wash. 613, 285 Pac. 654 (1930). Where a special statute provides a method of process, compliance therewith is jurisdictional. See *Little v. Catania*, 48 Wn. (2d) 890, 297 P. (2d) 255 (1956).

As a jurisdictional condition precedent, where a tenant is in default in the payment of rent, the statute re-

quires (1)· that the tenant be served with a written notice to pay the rent or, in the alternative, vacate the premises within three days from the date of service (RCW 59.12.030-(3)), and (2) that a summons and complaint be served upon the tenant which shall fix a date certain for appearance of not less than six nor more than twelve days from the date of service. RCW 59.12.070 [cf. Rem. Rev. Stat., § 817].

In the instant case, the three-day notice and the service of the summons and complaint complied with the jurisdictional requirements of the statute, as they related to maintaining an unlawful detainer action based upon default in the payment of rent.

The second cause of action was based upon failure to perform a covenant of the lease other than the payment of rent. The jurisdictional condition precedent to the maintenance of an unlawful detainer action for breach of a covenant is a ten-day written notice. RCW 59.12.030(4). The three-day notice which was given in the instant case was not a substantial compliance with the statute relating to the second cause of action. The motion to quash the process as to the second cause of action should have been granted.

Appellant contends that the notice was invalid for the reason that it erroneously included a demand for damages for breach of a covenant with a demand for delinquent rent. Although the notice demanded performance of a covenant as well as payment of rent, it was valid as to that portion for which demand was properly made. The causes of action were separately pleaded and are severable actions, under the unlawful detainer statute. The three-day notice and service of process were sufficient as to the first cause of action and, therefore, the court did not err in denying appellant's motion to quash.

Finally, the appellant contends that the title to personal property cannot be determined in an unlawful detainer action. We are in accord with this contention. *Provident Mut. Life Ins. Co. v. Thrower, supra,* p. 616. The court did not take jurisdiction of or make any findings as

to the title to the personal property or the right to possession thereof.

October 20th, prior to the entry of the order of default and judgment, the respondent deposited a bond and secured a writ of restitution, as provided by RCW 59.12.090 [*cf.* Rem. Rev. Stat., § 819]. The writ demanded not only possession of the premises, but also of the furniture, fixtures and equipment in the inventory attached to the written lease. The sheriff's return shows that the appellant voluntarily surrendered to the respondent possession of both the premises and the personal property before October 28, 1955, the return date of the writ of restitution. The right to possession of the personal property was not adjudicated in this action.

The cause is remanded to the trial court, with instructions to modify the judgment by striking therefrom that portion which grants judgment on the second cause of action. In all other respects, the judgment is affirmed. The appellant, having substantially prevailed on appeal, will recover costs.

HILL, C. J., MALLERY, FINLEY, and ROSELLINI, JJ., concur.