[No. 37462.    Department Two.    February 8, 1965.]

FRANKIE PARKER *et al., Appellants,* v. LEO GARCIA *et al., Respondents.*[*]

*Hammack & Fowler* and *Walter J. Deierlein, Jr.,* for appellants.

*Barclay & Ward,* for respondents.

PER CURIAM.—The complaint filed in this action sought to recover possession of certain real estate, and in this connection a regular 20-day

[*]Reported in 399 P. (2d) 73.

summons was used. The defendants answered and cross-complained. They admitted occupancy, but claimed this was pursuant to an oral contract to convey. Furthermore, they requested specific performance of the alleged oral contract of conveyance. Plaintiff's answer to the cross-complaint denied the oral contract of conveyance, but admitted certain improvements in the real estate. No contention was made in the trial court that the initial action was one in unlawful detainer under the special jurisdictional and procedural statute relating thereto. RCW 59.12.080. The trial judge, treating the matter as one involving general jurisdiction, granted specific performance on the cross-complaint, ordering plaintiff to enter into a written contract to sell the property to the defendants under specified terms.

On appeal, and for the first time, it is urged that the plaintiff's complaint initiated an unlawful detainer action and limited the jurisdiction of the court to the statutory issue in such an action. On this formulation it is argued that the trial court erred in entertaining the cross-complaint and granting specific performance based thereon. In *Little v. Catania,* 48 Wn. (2d) 890, 893, 297 P. (2d) 255 (1956), the court stated:

"The special summons employed was wholly insufficient to give the court jurisdiction of the parties in a general proceeding.   .   .   ."

Conversely, in the instant case, the 20-day summons did give the trial court jurisdiction of the parties in a general proceeding. We are convinced that the assignment of error in the instant case is without merit, and that on the authority of *Little v. Catania, supra, Young v. Riley,* 59 Wn. (2d) 50, 365 P. (2d) 769 (1961), and *Sundholm v. Patch,* 62 Wn. (2d) 244, 382 P. (2d) 262 (1963), the judgment of the trial court should be affirmed.

It is so ordered.