[No. 541-2. Division Two. December 7, 1972.]

VIRGIL H. RYLAND, *Appellant,* v. UNIVERSAL OIL CO., GOODMAN DIVISION, *Respondent.*

*Phillip T. Hutchison* (of *Casey & Pruzan*), for appellant.

*Arlis W. Johnson* (of *Parker & Johnson*), for respondent.

ARMSTRONG, J.—The plaintiff receiver, Virgil H. Ryland, appeals from an order entered in Grays Harbor County Superior Court dismissing his suit against the defendant for failure to comply with Washington's long-arm statute.

This appeal raises the single issue of whether the plaintiff substantially complied with RCW 4.28.185, our long-arm statute, where he timely served the defendant but filed the affidavit of nonresidence nearly 12 months after the statute of limitation on his cause of action had run. Because defendant has shown no prejudice we hold that he did.

The plaintiff corporation, a manufacturer of plywood products, filed an application for a receiver on September 4, 1969. The plaintiff, Virgil Ryland, was appointed receiver. Ryland checked the records of the plaintiff corporation and

found that five corporations had received payment of antecedent debts within 4 months of receivership. On February 24, 1970, Ryland instituted five actions in Grays Harbor County Superior Court to recover these alleged preferential payments. One of these suits charged that Universal Oil Company, Goodman Division, had received a preferential payment of $36,897.58.

Universal Oil Company, Goodman Division, was not registered with the Secretary of State to transact business in the state of Washington. Unbeknownst to plaintiff, Universal Oil Products Company, defendant's actual name was so registered. On the same day the complaint was filed the plaintiff served process on defendant personally at its home office in Detroit, Michigan and complied with all provisions of this state's long-arm statute, RCW 4.28.185, except subsection (4) thereof which provides: "Personal service outside the state shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state." Plaintiff filed this affidavit on February 26, 1971, a year and 2 days after all five preference actions were instituted and almost 12 months beyond the applicable statute of limitations for these actions. *See* RCW 23.72.020.

We begin with the assumption that the defendant was actually transacting business in this state. This fact was disputed below and the trial court has not decided the issue one way or the other. This action was dismissed solely because, in the opinion of the trial court, the plaintiff did not substantially comply with the long-arm statute because he filed the affidavit of nonresidence too late. We disagree.

In *Whitney v. Knowlton,* 33 Wash. 319, 74 P. 469 (1903) the defendant was served by publication. The service by publication statute required an affidavit of nonresidence to be filed. The defendant argued that because the affidavit was filed 3 days after it was verified, the service was invalid. Rejecting this contention, the court said at page 322:

In matters of formal procedure, even though it be in proceedings so highly important as the process by which

a party is brought into court, this court has never exacted anything more than a substantial compliance with the statute. Amendable defects, such as the one in question, have not been held fatal unless injury directly caused thereby has been shown, and it seems to us now that this is the just rule. Any other usually leads to a sacrifice of substance to form, and to decisions which shock the sense of justice and right, even in minds trained to the technicalities of the law. Clearly, such would be the effect of a decision sustaining the contention made here. The defendant has had all the notice he would have received had the verification and filing been simultaneous, hence he has suffered no injury in that regard.

In *Golden Gate Hop Ranch, Inc. v. Velsicol Chem. Corp.,* 66 Wn.2d 469, 403 P.2d 351 (1965), the plaintiff served process on the defendant at its home office out of state. The affidavit required by RCW 4.28.185(4) was filed 11 days later. Our Supreme Court held that the plaintiff complied with the requirements of the long-arm statute and the service was held proper. The court stated at page 472:

> The statute does not provide that the affidavit must be filed *before* the summons and complaint are served, but simply that the service will be valid only when such an affidavit is filed. Consequently, the service became valid when the affidavit was filed. Furthermore, we have the rule in this state that substantial and not strict compliance is sufficient where a proper affidavit is filed, although late, where it appears that no injury was done the defendant as a result of the late filing.

Applying the foregoing principles to the case at bench, we see that strict compliance with RCW 4.28.185(4) would require the plaintiff to file the affidavit before the statute of limitation had run since service would not be valid until the affidavit had been filed. In this preference action a rule of strict compliance would require that the affidavit be filed on or before March 4, 1970, the date on which the statute of limitation ran. Substantial compliance, however, is something less and is all our Supreme Court requires where *personal* service is made and no injury results to the defendant by a late filing of the affidavit.

*Golden Gate Hop Ranch, Inc. v. Velsicol Chem. Corp., supra; see also* this court's discussion in *Thayer v. Edmonds,* 8 Wn. App. 36, 503 P.2d 1110 (1972).

 In its brief defendant cites several cases requiring strict compliance with a statute authorizing service on a nonresident defendant. The cases are distinguishable. *Schmelling v. Hoffman,* 111 Wash. 408, 191 P. 618 (1920) and *Muncie v. Westcraft Corp.,* 58 Wn.2d 36, 360 P.2d 744 (1961), involved constructive service by publication and substituted service, respectively, and are therefore cases requiring strict compliance with the statutory requirements. *State ex rel. Hopman v. Superior Court,* 88 Wash. 612, 153 P. 315 (1915), and *Davis v. Woollen,* 191 Wash. 379, 71 P.2d 172 (1937), were decided under a statute making personal service outside the state the equivalent of service by publication. The statute under consideration here, RCW 4.28.180, makes personal service outside the state the equivalent of personal service within the state when the person so served has submitted to the jurisdiction of the courts of this state. We believe the distinction between the old statute and the new one is significant enough that the Supreme Court apparently saw no reason to distinguish these last two cases in *Golden Gate Hop Ranch, Inc. v. Velsicol Chem. Corp., supra.*

A defect such as the late filing of the affidavit required by RCW 4.28.185(4) did no harm to the defendant and defendant has not shown that any prejudice has resulted from it. The summons was served and the defendant received notice of the action on February 24, 1970. We are not convinced by the defendant's argument that because the statute of limitation in preference actions terminates the plaintiff's right to sue rather than his right to maintain the action, the defendant would be harmed if we were to hold that the plaintiff substantially complied with the statute. *See Morris v. Orcas Lime Co.,* 185 Wash. 126, 53 P.2d 604 (1936). Where the summons and complaint are personally served before the statute of limitation has run, the legal effect of that statute of limitation is not a factor to

be considered in determining if a defendant is harmed by a holding of substantial compliance with a service of process statute.

We therefore hold that the plaintiff substantially complied with RCW 4.28.185 even though the affidavit required by subsection (4) thereof was filed after the statute of limitation had run. A holding otherwise would be a sacrifice of substance to form.

The order of dismissal is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

PETRIE, C.J., and PEARSON, J., concur.