[No. 7597–7–I.   Division One.   June 9, 1980.]

JAMES M. VIOLANTE, *Respondent,* v. RICHARD WHITE, ET AL, *Appellants.*

*Robert C. Alexander,* for appellants.

*Joseph J. Connolly,* for respondent.

WILLIAMS, J.—The plaintiff, James M. Violante, brought an action against Richard G. and Susan A. White for unlawful detainer of certain real property. The Whites, after their default was taken and judgment entered, appeared by an attorney. The judgment was vacated on stipulation of counsel, and a 20–day summons and an amended complaint for cancellation of real estate earnest money agreement, to quiet title, for ejectment, and for damages were personally served upon the Whites' attorney. In their answer to the amended complaint, the Whites generally denied those claims and affirmatively pleaded that the court did not have subject matter jurisdiction. From a

judgment sustaining Violante on all claims, the Whites appeal. We affirm.

The only question is whether the trial court had jurisdiction, the Whites contending that it did not because the action was commenced under RCW 59.12. That is the special statute on unlawful detainer and is restricted to a determination of the issue of possession of real property. *Little v. Catania,* 48 Wn.2d 890, 893, 297 P.2d 255 (1956). As was said in that case:

> Having obtained that limited jurisdiction, the court could not transform the special statutory proceedings into an ordinary lawsuit, and determine the issues and grant relief therein as though the action was a general proceeding.

■ There is a significant difference between *Little v. Catania, supra,* in which there was only the special, unlawful detainer summons, and this case. Violante served and filed a 20–day summons, CR 4(b), to give the court general jurisdiction. RCW 4.28.020. Service of process on the Whites' attorney was good, CR 4(g)(5), and in any event, any defect was waived because the Whites did not raise the issue by motion or in their answer as required by CR 12(h)(1). It was permissible for Violante to amend his complaint, no responsive pleading having been served. CR 15(a).

There are good reasons for not expanding the jurisdiction of the court in an unlawful detainer action with its 6– to 12–day summons. RCW 59.12.070. *See Little v. Catania, supra; State ex rel. Seaborn Shipyards Co. v. Superior Court,* 102 Wash. 215, 172 P. 826 (1918). There is no reason at all for restricting the jurisdiction of the court when a 20–day summons and an amended complaint asking for general equitable relief are served and filed.

The judgment is affirmed.

JAMES, A.C.J., and ANDERSEN, J., concur.

Reconsideration denied July 11, 1980.

Review denied by Supreme Court September 19, 1980.