[No. 11298-1-II.   Division Two.   March 22, 1989.]

*In the Matter of the Marriage of* CONNIE MOORE HILL,
*Respondent, and* WILLIAM C. MOORE,
*Appellant.*

*William M. Hanbey* and *Ditlevson, Rodgers & Hanbey,*
for appellant.

*H. Christopher Wickham,* for respondent.

REED, J.—When William C. and Connie Moore dissolved
their marriage in 1983, the Thurston County decree incor-
porated their written property agreement. In addition to
other property, Connie received one–half of the marital
community's interest in the pension William would receive
upon his retirement from Southern California Gas Com-
pany.

On May 6, 1986, Connie filed a petition in Thurston
County Superior Court to clarify or, in the alternative, to
modify the decree, relying on CR 60(b). She obtained an
order to show cause with a return date of May 20. This
order, together with other papers, including a regular 20–

day summons, was served on William personally at his home in California on May 9.

William did not appear on May 20, having written to Connie's attorney on May 16 explaining that he was having difficulty obtaining counsel but intended to do so. A default order modifying the decree as requested was entered on May 20.[1]

CR 60(e)(3) provides as follows:

> *Service.* The motion, affidavit, and the order to show cause shall be served upon all parties affected in the same manner as in the case of summons in a civil action at such time before the date fixed for the hearing as the order shall provide; but in case such service cannot be made, the order shall be published in the manner and for such time as may be ordered by the court, and in such case a copy of the motion, affidavit, and order shall be mailed to such parties at their last known post office address and a copy thereof served upon the attorneys of record of such parties in such action or proceeding such time prior to the hearing as the court may direct.

When a nonresident is sought to be affected thereby, the provisions of CR 60(e)(3)[2] for service of process do not suffice to confer jurisdiction over that person. CR 4(e) provides:

---

[1]The essence of the modification is that, pursuant to the Retirement Equity Act of 1984, 29 U.S.C. § 1056, Connie now can receive payment directly from William's former employer, a right she did not have under the original decree. Also, her interest was fixed—based upon the length of the marriage and William's tenure with his employer—at 44 percent of William's pension payment. Lastly, she was awarded $1,000 attorney's fees.

[2]Without going into detail, suffice to say that we see no similarity between mere passage of the Retirement Equity Act of 1984, 29 U.S.C. § 1056, and the situation created by giving retroactive effect to the Uniformed Services Former Spouses' Protection Act of 1984, 10 U.S.C. § 1408, to divorce decrees entered during the so–called *McCarty* window period. *McCarty v. McCarty,* 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728 (1981). Thus, Connie's reliance upon CR 60(b) and *In re Marriage of Flannagan,* 42 Wn. App. 214, 709 P.2d 1247 (1985), *review denied,* 105 Wn.2d 1005 (1986), as a basis for modifying a *property* disposition, was considerably misplaced.

**(e) Other Service.**

(1) *Generally.* Whenever a statute or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or not found within the state, service may be made under the circumstances and in the manner prescribed by the statute or order, or if there is no provision prescribing the manner of service, in a manner prescribed by this rule.

(2) *Personal Service Out of State—Generally.* Although rule 4 does not generally apply to personal service out of state, the prescribed form of summons may, with the modifications required by statute, be used for that purpose. See RCW 4.28.180.

RCW 4.28.180 reads as follows:

Personal service out of state. Personal service of summons or other process may be made upon any party outside the state. If upon a citizen or resident of this state or *upon a person who has submitted to the jurisdiction of the courts of this state,* it shall have the force and effect of personal service within this state; otherwise it shall have the force and effect of service by publication. The summons upon the party out of the state shall contain the same and be served in like manner as personal summons within the state, except it shall require the party to appear and answer within sixty days after such personal service out of the state.

(Italics ours.)

█ Here, William having submitted to the jurisdiction of the Thurston County Superior Court in the original dissolution action, that court continued to have jurisdiction over the subject matter and the parties as regards any subsequent proceeding to modify. RCW 4.28.020; *Teitzel v. Teitzel,* 71 Wn.2d 715, 430 P.2d 594 (1967); *In re Marriage of Parks,* 48 Wn. App. 166, 737 P.2d 1316, *review denied,* 109 Wn.2d 1006 (1987); *see also In re Marriage of Markowski,* 50 Wn. App. 633, 749 P.2d 754 (1988).

In order to invoke that jurisdiction, however, it was necessary to serve William with a 60–day summons as prescribed by RCW 4.28.180. As Connie failed to do so, the

court was without authority to enter a default order modifying the decree; its order must be vacated.

It is so ordered.

ALEXANDER, C.J., and WORSWICK, J., concur.