[No. 30870-0-I. Division One. November 8, 1993.]

DOUGLAS DUBOIS, *Appellant,* v. WILLIAM KAPUNI,
ET AL, *Respondents.*

*Hugh Lewis* and *Simonarson, Visser, Zender & Thurston,*
for appellant.

*Steven J. Mura,* for respondents.

GROSSE, J. — Douglas Dubois appeals the vacation of a
default judgment he obtained against William and Sandi
Kapuni, his out-of-state landlords.

Dubois lived in a house owned by the Kapunis. The house
was located in Everson, Whatcom County, Washington. At
the time of the action, the Kapunis were residents of the
island of Molokai, Hawaii. Dubois fell behind in his rent. The
Kapunis returned to Everson and Mr. Kapuni attempted to

lock out Dubois. Kapuni and Dubois came to an agreement wherein Dubois would do some work on the house in exchange for the back rent. Further, Dubois would vacate the premises after the work was finished. Dubois claims that after 2½ days of work on the house, Kapuni locked him out, assaulted him, and converted thousands of dollars of his personal belongings and the belongings of others which were entrusted to his care. Kapuni admittedly sold some of this property, and some was returned.

Dubois consulted an attorney who filed an action in Whatcom County Superior Court seeking replevin of his personal belongings, injunctive relief to protect the property, or damages for conversion. He sought damages for unlawful eviction, assault, and wrongful interference with his use of property as well as costs and attorney fees. In addition he sought damages for inconvenience, mental anguish, emotional distress, physical pain, and loss of use of his personal property.

The action was filed on August 11, 1987. Because the Kapunis were nonresidents, counsel for Dubois had problems in effectuating service of process on them. The Kapunis failed to designate a local agent for service of process as required by statute. The first attempted service of process was at the property site. On August 11, 1987, a process server handed process to a "John Doe" who refused to give his name. This person was residing at the property owned by the Kapunis at 1204 Nooksack Road in Everson. It was later determined this man was a cousin of Mrs. Kapuni.

Next, a deputy sheriff on Molokai signed an affidavit of service claiming that William Kapuni was personally served on August 26, 1987, at his usual place of abode. Subsequently it was determined that service of process was not at the usual place of abode and, in addition, the service was on Sandi Kapuni, not William Kapuni. The deputy gave the papers to Sandi Kapuni at a grocery store in a condominium complex on the island. This is relevant only in that Mr. Kapuni claims he and his wife were separated at the time, he had no intention of maintaining or continuing a marital relationship with his wife, and therefore he was not served.

The deputy sheriff filed a revised affidavit of service indicating service on Mrs. Kapuni at a condominium convenience store.

Additionally, the papers served included a 20-day summons with the complaint, not the 60-day summons required by statute when serving someone out of state. Further, counsel for Dubois failed to file a required affidavit indicating that the Kapunis were not amenable to process in this state.

Shortly after Mrs. Kapuni was served, Dubois' counsel received telephone calls from Mr. Kapuni. The attorney's telephone log indicates several conversations between counsel and Kapuni regarding the pending action. The records show the case was discussed in detail, with Kapuni agreeing at some point to attempt to get some of the held goods back to Dubois. The records also show that Kapuni knew that a cousin got a "subpoena" served on him, but that he had not seen a summons and complaint.

The record does not show any action on this case until September of 1988 when Dubois' counsel moved for entry of default and judgment. Counsel gave notice of the hearing on this motion to the Kapunis by certified mail pursuant to CR 55(f)(2)(B). According to an affidavit included in the record, on September 21, 1988, Mrs. Kapuni, no longer separated from her husband, signed a postal service receipt addressed to the Kapunis at their usual place of abode. Included in this mailing were copies of the motion and declaration for hearing on damages and for default, the original (improper) affidavit of service signed by the deputy sheriff, and the 6-page declaration of Dubois in support of damages.

The Kapunis failed to respond to the motion for a default judgment and an order thereon was entered by the court on September 30, 1988. The judgment included supporting findings of fact and conclusions of law.

Dubois' counsel twice attempted to serve the Kapunis with copies of the order of default, the findings and conclusions, the judgment, and the cost bill by certified mail, return receipt requested. Both times the documents were returned, the envelope marked unclaimed.

In 1989, Dubois filed a petition for bankruptcy. The bankruptcy trustee employed new counsel to enforce the judgment. On July 23, 1990, the 3-year statute of limitation expired on the underlying claim. New counsel wrote to the Kapunis advising them that execution proceedings would be started if they did not satisfy the judgment. The Kapunis did not respond and execution proceedings were brought. A copy of the statutory declaration for writ of execution was mailed to the Kapunis at their address on Molokai. The Whatcom County Sheriff also posted the property on April 14, 1992. The Kapunis were advised that the property would be sold on May 22, 1992, if the judgment debt was not satisfied.

On April 29, 1992, counsel for the Kapunis filed a motion to terminate sale and vacate judgment. In his affidavit Mr. Kapuni indicated *he* had never been served with any process, much less a 60-day summons. He did admit that his wife had been served (with a 20-day summons) but that when she was served the couple was experiencing a "then permanent" marital separation. He also pointed out that no affidavit of nonresidency was properly filed, as required by statute.

Dubois countered that the Kapunis and their marital estate had been actually and constructively served and that they had notice of the proceedings on several occasions. Further, he argued that the Kapunis should be estopped from asserting the technical defense of a lack of service of process as they failed to designate a resident agent for service of process as required by statute.

The trial court entered an order vacating the default judgment and terminated the sale. Dubois, through the bankruptcy trustee, appeals.

■ Dubois and the issues in this case invite application of the principles reviewed and relied on by the Supreme Court in the recent case of *Wichert v. Cardwell*, 117 Wn.2d 148, 812 P.2d 858 (1991). That case, however, does not concern the statutes at issue here. Rather, it addresses the issue of what constitutes good substitute service under RCW 4.28-.080(15). More to the point is *Haberman v. WPPSS*, 109

Wn.2d 107, 744 P.2d 1032, 750 P.2d 254 (1987), *appeal dismissed*, 488 U.S. 805 (1988). There, out-of-state defendants were not properly served but did receive actual notice. The Supreme Court refused to permit a substantial compliance argument, stating:

> Initially, we observe that mere receipt of process and actual notice alone do not establish valid service of process. *See Spokane v. Department of Labor & Indus.*, 34 Wn. App. 581, 584, 663 P.2d 843, *review denied*, 100 Wn.2d 1007 (1983). Moreover, substantial compliance with out-of-state service requirements has been recognized only where the defect in service involved a late filing of nonresidency affidavits as required by RCW 4.28-.185(4). *See Golden Gate Hop Ranch, Inc. v. Velsicol Chem. Corp.*, 66 Wn.2d 469, 472, 403 P.2d 351 (1965), *cert. denied*, 382 U.S. 1025 (1966); *Ryland v. Universal Oil Co.*, 8 Wn. App. 43, 45, 504 P.2d 1171 (1972); *Hatch v. Princess Louise Corp.*, 13 Wn. App. 378, 379, 534 P.2d 1036 (1975).
>
> Here, the service was more than technically defective; the statutory procedures to ensure proper notice to nonresident defendants were not followed. As statutes authorizing service on out-of-state parties are in derogation of common law personal service requirements, they must be strictly pursued. *See State ex rel. Hopman v. Superior Court*, 88 Wash. 612, 617, 153 P. 315 (1915) (comparing out-of-state service statutes to service by publication).

*Haberman*, 109 Wn.2d at 177.

While the language relating to strict pursuance because the statutes are in derogation of the common law is now suspect in view of *Wichert*, the case should not be read so broadly as to turn every service of process case into a fact-specific inquiry. *Wichert* was dealing with construction of the requirement of substitute service on a person "then resident" in the home of the defendant and used due process analysis to test the validity of holding that service on the adult daughter who was spending the night was sufficient.

■ Here, as in *Haberman*, we are not engaged in construction of the statutes with respect to out-of-state personal service. The statutes were not followed and that rendered the judgment void. Courts have a nondiscretionary duty to set aside such judgments. *See Brenner v. Port of Bellingham*, 53 Wn. App. 182, 765 P.2d 1333 (1989) (service by publication requires due diligence in attempting to locate the defendant

first); *In re Marriage of Moore*, 53 Wn. App. 687, 769 P.2d 881 (1989) (use of a 30-day summons instead of the 60-day summons invalidated the service).

The decision of the trial court is affirmed.

WEBSTER, C.J., and SCHOLFIELD, J., concur.

Review denied at 123 Wn.2d 1021 (1994).