[No. 50305-7-I.   Division One.   March 10, 2003.]

SAMMAMISH POINTE HOMEOWNERS ASSOCIATION, *Plaintiff*, v.
SAMMAMISH POINTE L.L.C., ET AL., *Appellants*,
JEFFREY GOW, ET AL., *Defendants*, LSP
CORPORATION, ET AL., *Respondents*.

*Mark F. O'Donnell, Lori K. O'Tool,* and *Charmaine L. Clark* (of *Preg O'Donnell & Gillett, P.L.L.C.*), for appellants.

*Steven Jager* and *Coreen R. Ferencz* (of *Lee Smart Cook Martin & Patterson, P.S.*), for respondents.

BECKER, C.J. — The plaintiff in this lawsuit served each of several out-of-state companies with a 20-day summons instead of the 60-day summons required by Washington's long-arm statute, RCW 4.28.180. The trial court erred in concluding that a misstatement of the proper return period is a defect that necessarily invalidates service. Where the defendant appears and answers and does not show prejudice caused by the inaccurate information, the summons can be amended and the trial court should deny a motion to dismiss. We reverse.

The lawsuit began in 1999, when the Sammamish Pointe Homeowners Association filed a construction defect lawsuit against the appellant developers, who are referred to collectively as "Polygon." The Association alleged that Polygon had constructed the condominiums with a defective plumbing system. The Association later amended the complaint to allege defective product claims against several manufactur-

ers of plumbing products. All of these companies were part of the LSP Corporation, respondent in this appeal. The Association caused a summons and complaint to be personally served on each LSP company between September 27 and October 9, 2001. Each summons required the defendant to appear and answer the complaint within 20 days pursuant to Civil Rule (CR) 4.

LSP filed a notice of appearance dated October 16. By this time, Polygon had settled with the Homeowners Association and had become the assignee of the Association's claims against the LSP defendants. On October 19, Polygon wrote in a letter to LSP, "This will serve to confirm that the 20-day deadline for your answer to the complaint in the above referenced matter was due Wednesday, October 17, 2001. If we do not receive your answer by Monday, October 22, 2001, we will file a motion for order of default."[1] Apparently, counsel for LSP responded that no LSP defendant was a Washington resident.[2] Polygon sent a second letter requesting counsel for LSP to provide the name and address "of your clients' Washington registered agent or any person or entity authorized to receive service of process in the State of Washington."[3] Counsel for LSP investigated and advised counsel for Polygon that his clients did not have registered agents for service in Washington.[4] Polygon did not pursue its threat to file a motion for default.

LSP served Polygon with discovery requests on January 4, 2002 and filed its answer on January 7, approximately 90 days after being served. Among the affirmative defenses alleged in the answer were insufficiency of process, insufficiency of service of process, lack of jurisdiction over defendants, and statute of limitations.

Two weeks later—on January 23, 2002—LSP moved for dismissal under CR 12(b)(4) and (5), based on the use of the

---

[1] Clerk's Papers at 305.

[2] *See* LSP's brief below, Clerk's Papers at 217.

[3] Clerk's Papers at 307.

[4] Clerk's Papers at 228.

20-day summonses. According to CR 12(b), "the following defenses may at the option of the pleader be made by motion: . . . (4) insufficiency of process, (5) insufficiency of service of process." Under the analogous federal rule, a motion under rule 12(b)(4) is the correct procedure with which to raise an objection to the form of the process, while a motion under rule 12(b)(5) is the correct procedure with which to raise an objection to the manner or method of service. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1353, at 276-80 (1990). Here it is clear that LSP's true objection was under rule 12(b)(4), to the form of process.

LSP's motion to dismiss, if granted, was potentially fatal to the claims against the LSP defendants because, according to LSP, the statute of limitations had expired on September 14, 2001. Polygon responded with a motion under CR 4(h) to amend each summons to a 60-day summons.

The trial court orally denied the motion to amend, and then entered an order granting LSP's motion to dismiss.[5] Polygon appeals from both rulings, as well as from a further order awarding LSP attorney fees under the long-arm statute.

■ As stated in the long-arm statute, a summons issued to an out-of-state defendant shall have the same content, and be served in the same manner, as a personal summons within the state, except it must allow the defendant 60 days to appear and answer:

> Personal service of summons or other process may be made upon any party outside the state. . . . The summons upon the party out of the state shall contain the same and be served in like manner as personal summons within the state, except it shall require the party to appear and answer within sixty days after such personal service out of the state.

RCW 4.28.180. In this case, it is undisputed that the manner of service was satisfactory to accomplish personal

---

[5] Clerk's Papers at 504.

service. The content of each summons was also satisfactory in all respects save one: the defendants were advised they had 20 days to appear and answer, not 60.

LSP contends that the specification of 20 days instead of 60 rendered the service invalid because it did not strictly comply with the long-arm statute, and as a result the trial court did not have personal jurisdiction over the LSP defendants. "Process is jurisdictional" is LSP's sweeping premise.[6] We conclude, however, that the cases on which LSP relies do not compel dismissal in this case for lack of personal jurisdiction.

Two of the cases LSP cites are peculiar to unlawful detainer. *See Little v. Catania,* 48 Wn.2d 890, 892-93, 297 P.2d 255 (1956) and *Sowers v. Lewis,* 49 Wn.2d 891, 894, 307 P.2d 1064 (1957). In *Little,* the plaintiffs served a short 12-day summons as allowed by the unlawful detainer statute. When the defendants appeared, the trial court did not restrict itself to the issue of possession, but also proceeded to determine the ownership of certain items on the premises. The Supreme Court reversed, and in doing so explained that the special summons employed "was wholly insufficient to give the court jurisdiction of the parties in a general proceeding. . . . The court obtained jurisdiction of the parties for a limited statutory purpose only—namely, to determine the issue of possession in an unlawful detainer action. Having obtained that limited jurisdiction, the court could not transform the special statutory proceedings into an ordinary lawsuit . . . ." *Little,* 48 Wn.2d at 893. The present case, in contrast to *Little* and *Sowers,* does not involve a special statutory proceeding.[7] The general summons served upon each LSP defendant, despite the error in the time allowed for an answer, was not misleading as to the scope of relief that would be sought.

[6] Br. of Resp't at 8.

[7] As noted in commentary, the expressed rationale for the determinations in these unlawful detainer cases "is that the action is specialized and summary in nature." 14 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE: TRIAL PRACTICE § 33(7), at 104 (5th ed. 1996).

In *Sowers*, the plaintiff obtained judgment both for non-payment of rent and for breach of a covenant. The governing statute imposed notice requirements that the court characterized as conditions precedent to jurisdiction: delivery of a 3-day advance notice before commencing action for nonpayment of rent and a 10-day advance notice before commencing action for breach of a covenant.[8] The plaintiff had served only a three-day notice purporting to cover both causes of action. The defendant appealed from the trial court's order denying a motion to quash the proceedings. The Supreme Court affirmed judgment for the first cause of action and directed that judgment on the second cause be stricken. Citing *Little*, the court commented, "Where a special statute provides a *method* of process, compliance therewith is jurisdictional." *Sowers*, 49 Wn.2d at 894 (emphasis added). Contrary to LSP's argument, this statement in *Sowers* does not mean that any defect in the *content* of the summons deprives a court of personal jurisdiction over the defendant who is served. The defect in *Sowers* was the plaintiff's complete failure to serve the statutorily required advance notice 10 days before filing suit. The same problem is not present here; the LSP defendants were properly served personally with notice of the lawsuit, and they were afforded all the time contemplated by the statute before the court began to adjudicate their rights and responsibilities.

LSP relies most heavily on *In re Marriage of Moore*, 53 Wn. App. 687, 689-90, 769 P.2d 881 (1989). That case involved a petition to modify the property provisions of a divorce decree. The petitioner served a 20-day summons upon her ex-spouse, who lived in California. He immediately responded by letter explaining that he was having difficulty obtaining counsel but intended to do so. Nevertheless, the petitioner speedily obtained a default judgment. On appeal, this court held that the petitioner was obliged to use a 60-day summons as required by the long-arm statute. Because she did not, "the court was

---

[8] *Sowers*, 49 Wn.2d at 894-95, discussing RCW 59.12.030(3) and (4).

without authority to enter a default order modifying the decree; its order must be vacated." *Marriage of Moore*, 53 Wn. App. at 689-90; *see also Dubois v. Kapuni*, 71 Wn. App. 621, 860 P.2d 431 (1993) (default judgment vacated because of failure to make personal service on out-of-state defendant; noting also that summons improperly served on separated spouse had only a 20-day return period) 71 Wn. App. at 626 (citing *Marriage of Moore*).

The present case differs significantly from *Marriage of Moore* in that LSP was not seeking relief from a default judgment. The LSP defendants obtained counsel, appeared, insisted on their right to have 60 days before answering, and were afforded that right. In short, there was no prejudice. In view of this material distinction, we do not read *Marriage of Moore* as holding that in all cases involving nonresident defendants, service is necessarily invalid if accomplished with a summons that understates the return period.

LSP also relies on *Haberman v. Washington Public Power Supply System*, 109 Wn.2d 107, 177, 744 P.2d 1032, 750 P.2d 254 (1987). *Haberman*, though, is not on point because the challenge there was to the manner of service upon a nonresident rather than to the content or form of the summons. Instead of accomplishing personal service, the process server left the documents outside the door of one defendant's house at a time when no one was present and simply mailed them to the other. These defects rendered the service invalid and led to dismissal, despite the fact that both defendants eventually received actual notice of the suit. It was "more than technically defective; the statutory procedures to ensure proper notice to nonresident defendants were not followed." *Haberman*, 109 Wn.2d at 177.

LSP argues that strict compliance with the requirement for a 60-day summons for nonresident defendants is, like the requirement for personal service, indispensable to valid service of process. That is not the holding of *Haberman*. Indeed, *Haberman* distinguishes nonresident service cases involving plaintiffs' failure to timely file an affidavit stating

that service cannot be made within the state. *Haberman*, 109 Wn.2d at 177. Although the long-arm statute declares that personal service outside the state shall be valid only when such an affidavit is filed, strict compliance will not be required, and it is appropriate to inquire into prejudice. *See, e.g., Ryland v. Universal Oil Co.*, 8 Wn. App. 43, 45-46, 504 P.2d 1171 (1972) (Substantial compliance is all our Supreme Court requires "where *personal* service is made and no injury results to the defendant by a late filing of the affidavit.").

■ A failure to accomplish personal service of process is not a defect that can be cured by amendment of paperwork. Errors in the form of original process are, however, generally viewed as amendable defects, so long as the defendant is not prejudiced. *See Whitney v. Knowlton*, 33 Wash. 319, 322, 74 P. 469 (1903), cited in *Ryland*, 8 Wn. App. at 44. This distinction is embodied in our present rules of procedure through the provision for amendment of process in CR 4(h): "At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." This rule is inconsistent with LSP's notion that a technical defect in the form of the summons is always a fatal flaw.

That a defective summons can be amended under CR 4(h) was recognized by *In re Marriage of Morrison*, 26 Wn. App. 571, 613 P.2d 557 (1980). In *Morrison*, a petition for support modification was accompanied by a summons that named the ex-husband only in his personal capacity, and failed to name him in his representative capacity as trustee of certain child support trusts. Due to this deficiency, the trial court dismissed that portion of the action pertaining to the trusts. According to this court's analysis on appeal, the proper course of action in these circumstances "is not to dismiss the cause of action, but rather to give the parties the opportunity to amend to reflect the proper capacity of the defendant." *Morrison*, 26 Wn. App. at 574-75.

There are serious questions as to the correctness of dismissing a case because a party was served in his personal, instead of his representative, capacity. This is particularly true where the correct individual was served and there has been no prejudice. . . . Dismissal should not be granted on a mere technicality easily remedied by amendment. *See* CR 4(h).

*Morrison*, 26 Wn. App. at 573. This court ultimately affirmed the dismissal, but only because the plaintiff had not moved to amend the summons:

the plaintiff must make some motion to amend, and no such motion was made in this case. Without such a motion, the proper action for the trial court is to determine whether to dismiss the cause for lack of jurisdiction as was done here.

*Morrison*, 26 Wn. App. at 575. In the present case, Polygon did make a timely motion to amend the summons. *Morrison* indicates that motion should have been granted.

LSP argues that CR 4(h) does not allow amendment of a defective summons served on a nonresident because CR 4 "does not generally apply" to out-of-state service:

*Personal Service Out of State—Generally.* Although rule 4 does not generally apply to personal service out of state, the prescribed form of summons may, with the modifications required by statute, be used for that purpose. See RCW 4.28.180.

CR 4(e)(2). We reject this argument because it would require us to import into the rule an arbitrary distinction not expressly made by the rule itself. We can think of no reason why the rule should be construed to permit amendment of process when it is served within the state but not when it is served outside the state. In either situation, defendants are protected by their right to make a showing of prejudice.

Federal courts will not grant dismissal on the basis that the summons specified the incorrect time for filing of the answer, unless defendants make a showing of prejudice. *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984); *see also* 4A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCE-

DURE § 1088, at 460-61 (2001) ("Courts normally will be liberal in permitting amendments to a summons to avoid injustice. As long as the summons is sufficiently accurate to provide proper notice, an amendment probably will be allowed and the error deemed harmless. . . . A defendant's appearance in the action should be enough to prevent any technical error in form from providing a basis for invalidating the process.") In *United Food*, the summons allowed 10 days to answer the complaint, rather than the 20 days provided by court rule. This led to a motion to dismiss based on insufficiency of process. The trial court denied the motion, and the appellate court affirmed, describing as "meritless" the claim that the court lacked personal jurisdiction. *United Food*, 736 F.2d at 1382. The court observed that the appellant, who had answered the petition and argued its case, had "failed to present any evidence suggesting that it was prejudiced in the least by the minor defect in the summons." *United Food*, 736 F.2d at 1382.

*United Food* is persuasive authority because, unlike the cases relied on by LSP, it involves procedural facts very similar to those in the present case; and also because its rationale is consistent with Washington's Civil Rules and *In re Morrison*. Following these authorities, we hold the trial court erred when it granted LSP's motion to dismiss.

The judgment in favor of LSP and the corresponding award of attorney fees under the long-arm statute are hereby reversed.

KENNEDY and APPELWICK, JJ., concur.

Review granted at 150 Wn.2d 1025 (2004).