IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| NICHOLAS WALKER, a married man, | ) | No. 77954-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| ORKIN, LLC, a Delaware limited liability | ) | |
| company, | ) | |
| | ) | |
| Appellant. | ) | FILED: September 16, 2019 |

SCHINDLER, J. — Under CR 3, an action is commenced by serving a copy of the summons and a copy of the complaint as provided in CR 4. CR 4(a)(1) states, "The summons must be signed and dated by the plaintiff or the plaintiff's attorney." There is no dispute that Nicholas Walker served Orkin LLC with a copy of a summons that was not signed. Orkin filed an answer, asserting insufficient service of process. We granted discretionary review of the superior court order denying the motion to dismiss the lawsuit for insufficient service of process. Because Walker did not correct the defect by serving a signed copy of the summons on Orkin before the expiration of the statute of limitations or timely file a motion to amend the summons to correct the defect, we reverse and remand for entry of an order dismissing the lawsuit.

The procedural facts are not in dispute. On July 28, 2017, Nicholas Walker filed a summons and a complaint for personal injury damages against Orkin LLC. The summons is signed by his attorney and dated July 27, 2017. The complaint is signed by the attorney and dated July 28, 2017.

The personal injury complaint alleged that on August 8, 2014, Walker was injured in a vehicle collision. Walker alleged the Orkin driver was negligent and his negligence was the proximate cause of Walker's damages. The statute of limitations for a personal injury action is three years. RCW 4.16.080(2). If a plaintiff files a complaint within the three-year period, the statute of limitations is tolled for 90 days to allow the plaintiff to serve the defendant. RCW 4.16.170 provides:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

The complaint Walker filed on July 28, 2017 tolled the three-year statute of limitations for 90 days or until October 26, 2017 to serve Orkin. On August 1, Walker served the Orkin registered agent with a copy of a summons and a copy of the complaint. The copy of the summons is dated July 27, 2017 but is not signed. The copy of the complaint is not dated or signed. The next day, Walker's attorney sent a fax to Orkin attaching the "copy of the Summons and Complaint which were served on Orkin."

2

On September 7, Orkin filed an answer to the complaint. Orkin denied the allegations. Orkin asserted as an affirmative defense that "Plaintiff has failed to serve Defendant with process under Washington law." Walker did not correct the defect and serve Orkin with a copy of the signed summons before the expiration of the statute of limitations on October 26, 2017.

On November 6, Orkin filed a CR 12(b) motion to dismiss the lawsuit for insufficient service of process within the statute of limitations. Orkin argued Walker did not comply with the court rules for service of process before the expiration of the statute of limitations on October 26, 2017. Orkin asserted that contrary to CR 4(a)(1), Walker did not serve it with a copy of a signed summons.

Walker argued he complied with CR 4 by signing the summons and complaint filed on July 28, 2017. Walker also argued serving Orkin with an unsigned copy of the summons did not result in prejudice to Orkin.

The court denied the motion to dismiss. We granted the motion for discretionary review under RAP 2.3(b)(1).

Orkin contends the superior court erred in denying the motion to dismiss the lawsuit for failure to comply with the requirements of CR 4.

Proper service of the summons and complaint is an essential prerequisite to obtaining personal jurisdiction. Scanlan v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014). Service of process must comply with constitutional, statutory, and court rule requirements. Scanlan, 181 Wn.2d at 847. The plaintiff bears the initial burden to prove sufficient service. Scanlan, 181 Wn.2d at 847. The party challenging service of process must demonstrate by clear and convincing evidence that service was improper.

Scanlan, 181 Wn.2d at 847. We review whether service was proper de novo. Scanlan, 181 Wn.2d at 847.

We review the interpretation of court rules de novo. Jafar v. Webb, 177 Wn.2d 520, 526, 303 P.3d 1042 (2013). Court rules are interpreted in the same manner as statutes. Jafar, 177 Wn.2d at 526. If the rule's meaning is plain on its face, we must give effect to that meaning as an expression of the drafter's intent. Jafar, 177 Wn.2d at 526. We discern plain meaning from the plain language of the court rules. Columbia Riverkeeper v. Port of Vancouver, 188 Wn.2d 421, 432, 395 P.3d 1031 (2017). We read the rule " 'as a whole, harmonizing its provisions, and using related rules to help identify the legislative intent embodied in the rule.' " Jafar, 177 Wn.2d at 526-27 (quoting State v. Chhom, 162 Wn.2d 451, 458, 173 P.3d 234 (2007)). If the plain language of the rule is subject to only one interpretation, the court's inquiry is at an end. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010).

CR 3 governs commencement of an action. CR 3(a) states, in pertinent part, "[A] civil action is commenced by service of a copy of a summons together with a copy of a complaint, as provided in rule 4 or by filing a complaint" as provided in RCW 4.16.170.[1]

Orkin concedes that under RCW 4.16.170, Walker tentatively commenced the action by filing the complaint on July 28, 2017 and the statute of limitations was tolled for 90 days to serve Orkin. Walker served the registered agent for Orkin on August 1. Orkin does not challenge the manner of service or claim prejudice. Orkin asserts Walker did not commence the lawsuit within the statute of limitations because Walker did not comply with the mandatory requirement under CR 4 to serve Orkin with a signed copy of the summons.

---

[1] Emphasis added.

CR 4(a) governs issuance of the summons. CR 4(a)(1) states:

The summons must be signed and dated by the plaintiff or the plaintiff's attorney, and directed to the defendant requiring the defendant to defend the action and to serve a copy of the defendant's appearance or defense on the person whose name is signed on the summons.[2]

CR 4(b) governs the content and the form of the summons. CR 4(b)(1) states:

Contents. The summons for personal service shall contain:
 (i) The title of the cause, specifying the name of the court in which the action is brought, the name of the county designated by the plaintiff as the place of trial, and the names of the parties to the action, plaintiff and defendant;
 (ii) A direction to the defendant summoning the defendant to serve a copy of the defendant's defense within a time stated in the summons;
 (iii) A notice that, in case of failure so to do, judgment will be rendered against the defendant by default. It shall be signed and dated by the plaintiff, or the plaintiff's attorney, with the addition of the plaintiff's post office address, at which the papers in the action may be served on the plaintiff by mail.[3]

CR 4(b)(2) states the summons for personal service shall substantially comply with "the following form":

SUPERIOR COURT OF WASHINGTON
FOR [_____] COUNTY

_____ )

_____ )

          Plaintiff,      )      No. _____
                          )      Summons [20 days]

_____ )

_____ )

          Defendant.   )

TO THE DEFENDANT: A lawsuit has been started against you in the above entitled court by _____, plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

---

[2] Emphasis added.
[3] Second emphasis added.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what she or he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

**[signed]** _____

Print or Type Name
( ) Plaintiff ( ) Plaintiff's Attorney
P.O. Address _____
**Dated** _____
Telephone Number _____.[4]

The plain and unambiguous language of CR 3(a) states that a civil action is commenced by service of a copy of a summons and a complaint "as provided in rule 4." The plain and unambiguous language of CR 4(a)(1) states, "The summons must be signed and dated by the plaintiff or the plaintiff's attorney." CR 4(b)(1)(iii) also states the summons "shall be signed and dated by the plaintiff, or the plaintiff's attorney."[5] The word "must" and the word "shall" impose a mandatory requirement. Ohio Sec. Ins. Co. v. Axis Ins. Co., 190 Wn.2d 348, 352, 413 P.3d 1028 (2018); Erection Co. v. Dep't of Labor & Indus., 121 Wn.2d 513, 518, 852 P.2d 288 (1993). The form set forth in CR

---

[4] Boldface added.

[5] We note the General Rules allow attorneys and nonattorneys to sign electronic documents with a digital signature or an "s/." GR 30(d)(2). RCW 19.360.030 defines "electronic signature."

4(b)(2) shows the plaintiff or plaintiff's attorney must sign the summons and print or type the name below the signature line.

Contrary to the assertion of Orkin, a defect in the form of the summons is not always fatal. The purpose of a summons is to give notice of the time to answer prescribed by law and advise the defendant of the consequences of failing to do so. Quality Rock Prods., Inc. v. Thurston County, 126 Wn. App. 250, 264, 108 P.3d 805 (2005).

The failure to accomplish personal service of process is not a defect that can be cured by amendment. Sammamish Pointe Homeowners Ass'n v. Sammamish Pointe LLC, 116 Wn. App. 117, 124, 64 P.3d 656 (2003). By contrast, errors in the form of original process are "generally viewed as amendable defects, so long as the defendant is not prejudiced." Sammamish Pointe, 116 Wn. App. at 124. " 'Dismissal should not be granted on a mere technicality easily remedied' " by either correcting the defect and serving the defendant or filing a timely motion to amend under CR 4(h). Sammamish Pointe, 116 Wn. App. at 125 (quoting In re Marriage of Morrison, 26 Wn. App. 571, 573, 613 P.2d 557 (1980)). CR 4(h) allows a plaintiff to file a motion to amend a defective summons that substantially complies with the purpose of a summons. CR 4(h) provides:

> Amendment of Process. At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

However, a plaintiff must "make a timely motion to amend the summons." Sammamish Pointe, 116 Wn. App. at 125. " '[T]he plaintiff must make some motion to

amend . . . . Without such a motion, the proper action for the trial court is to determine whether to dismiss the cause for lack of jurisdiction.' " Sammamish Pointe, 116 Wn. App. at 125 (quoting Morrison, 26 Wn. App. at 575).

The uncontroverted record establishes that Walker did not sign the copy of the summons served on Orkin. After Orkin asserted the affirmative defense of insufficient service of process, Walker did not correct the defect by either serving Orkin with a signed summons before expiration of the statute of limitations or filing a timely motion to amend the summons. We reverse denial of the motion to dismiss and remand for entry of an order of dismissal.

WE CONCUR: