[No. 6342-9-III. Division Three. October 29, 1985.]

THOMAS J. KIBLEN, *Appellant*, v. MUTUAL OF OMAHA INSURANCE COMPANY, *Respondent*.

---

66

*Daniel J. Keane* and *Dean, Keane & Smith,* for appellant.

*Richard E. Hayes* and *MacGillivray & Jones,* for respondent.

MUNSON, J.—Dr. Kiblen appeals the dismissal of his claim against Mutual of Omaha Insurance Company for improper service of process. Dr. Kiblen served his summons and complaint against Mutual of Omaha at its home office in Omaha, Nebraska. The trial court held RCW 4.28-.080(7)[1] provides the exclusive manner of service upon a foreign or alien insurer. Dr. Kiblen contends RCW 4.28.180 and RCW 4.28.185, when considered together,[2] provide an

---

[1] RCW 4.28.080 provides, in part:

"Summons, how served. The summons shall be served by delivering a copy thereof, as follows:

". . .

"(7) If against a foreign or alien insurance company, as provided in chapter 48.05 RCW."

[2] RCW 4.28.180 provides for extraterritorial service of process:

"Personal services out of state. Personal service of summons or other process may be made upon any party outside the state. If upon . . . a person who has submitted to the jurisdiction of the courts of this state, *it shall have the force and effect of personal service within this state;* . . . The summons upon the party out of the state shall contain the same and be served in like manner as personal summons within the state, except it shall require the party to appear and answer

alternative method of service. *See* 2 L. Orland, Wash. Prac. *Trial Practice* § 28, at 42 n.10 (3d ed. 1972). We agree with Dr. Kiblen and reverse and remand for further proceedings before the trial court.

RCW 4.28.080(7) existed prior to the enactment of RCW 4.28.180 and .185. Thereunder, foreign insurance companies, in order to do business in this state, were required to accept service of process through the Insurance Commissioner. RCW 48.05.200. Thus, a plaintiff in this state would serve the Insurance Commissioner who was then required to effect the service upon the foreign insurer. RCW 48.05-.210.

The Legislature is presumed to be cognizant of its own enactments; when it enacted RCW 4.28.180 and .185, it included therein a provision for personal service out of the state upon a party "[c]ontracting to insure any person, property or risk located within this state at the time of contracting". RCW 4.28.185(1)(d). We believe the Legislature's failure to amend the word "shall" in RCW 4.28.080 and similar language in RCW 48.05.200 and .210[3] indicates

within sixty days after such personal service out of the state." (Italics ours.)

RCW 4.28.185, the Washington Long Arm Statute, provides, in part:

"(1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

". . .

"(d) Contracting to insure any person, property or risk located within this state at the time of contracting;

". . .

"(2) Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the defendant outside this state, as provided in RCW 4.28.180, with the same force and effect as though personally served within this state.

". . .

"(6) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law."

[3]RCW 48.05.200 states, in part:

"Commissioner as attorney for service of process. (1) Each authorized foreign or alien insurer shall appoint the commissioner as its attorney to receive service

at best a preference for service upon the Insurance Commissioner in order that he be apprised of an action against a foreign insurance company doing business in this state.

██ Mutual of Omaha has raised no issue challenging Dr. Kiblen's compliance with RCW 4.28.180 and .185. Its only contention is that RCW 4.28.080 provides the exclusive manner of service. Here, the trial court and the respondent interpret the intent of the Legislature too narrowly. *See* RCW 4.28.185(2), (6). Thus, service may be made upon a foreign or alien insurer either within the state through the service upon the Insurance Commissioner or directly upon the insurer by means of extraterritorial service.

The order of dismissal is reversed. The case is remanded for further proceedings.

GREEN, C.J., and MCINTURFF, J., concur.

---

of, and upon whom shall be served, all legal process issued against it in this state upon causes of action arising within this state. Service upon the commissioner as attorney shall constitute service upon the insurer. Service of legal process against such insurer can be had only by service upon the commissioner."

RCW 48.05.210 further provides:

"Service of process—Procedure. (1) Duplicate copies of legal process against an insurer for whom the commissioner is attorney shall be served upon him either by a person competent to serve a summons, or by registered mail. . . .

"(2) The commissioner shall forthwith send one of the copies of the process, by registered mail with return receipt requested, to the person designated for the purpose by the insurer in its most recent such designation filed with the commissioner.

"(3) The commissioner shall keep a record of the day and hour of service upon him of all legal process. No proceedings shall be had against the insurer, and the insurer shall not be required to appear, plead, or answer until the expiration of forty days after the date of service upon the commissioner."