United States Court of Appeals,

Fifth Circuit.

Nos. 95-30290, 95-30568.

Herman Joseph ZIMMERMAN, Jr., Plaintiff-Appellee,

v.

INTERNATIONAL COMPANIES & CONSULTING, INC., Defendant-Appellee,

v.

SPHERE DRAKE INSURANCE GROUP, PLC., Defendant-Appellant.

Frank MORALES, Plaintiff-Appellee,

v.

INT'L COMPANIES, INC., Defendant-Appellee,

v.

SPHERE DRAKE INSURANCE GROUP, PLC., Defendant-Appellant.

March 13, 1997.

Appeal from the United States District Court for the Western District of Louisiana.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JONES, REYNALDO G. GARZA and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

In these cases consolidated for argument on appeal, the question is whether a protection and indemnity insurer's contractual right to have coverage disputes with its insured submitted to arbitration also entitles the insurer to a court order staying an injured worker's suit against the insurer under Louisiana's direct action statute during arbitration. *In the Matter of Talbott Big Foot, Inc.,* 887 F.2d 611 (5th Cir.1989)

1

answered this question in the negative. The answer is still "no".

In each of these cases, a worker suffered injury in an accident aboard his employer's vessel and filed a direct action for damages in a Louisiana federal court against the employer's protection and indemnity insurer, Sphere Drake Insurance Group, PLC ("Sphere Drake"). The policy that Sphere Drake issued to the employer, International Companies & Consulting, Inc. ("ICCI"), provided in its arbitration clause that any coverage dispute between insurer and insured was subject to arbitration in London according to English law. In each case, Sphere Drake denied coverage and moved the district court to stay the worker's direct action pending arbitration. The district court in each case denied the motion to stay, and Sphere Drake appealed from the decisions. We consolidated the appeals and now affirm both district court judgments.

I. Denial of Motion to Stay Arbitration

The district courts correctly followed the applicable Louisiana law as interpreted by *In the Matter of Talbott Big Foot, Inc.,* 887 F.2d 611 (5th Cir.1989). In *Big Foot* this court recognized that when the Louisiana direct action statute, La. R.S. 22:655, is applicable and authorizes a direct suit against a tortfeasor's insurer, the statute is read into and becomes a part of the insurance policy by law, even though the policy does not contain the language required by the statute, or contains language prohibited by the statute. *See also, Grubbs v. Gulf Int'l Marine, Inc.,* 625 So.2d 495, 498 (La.1993); *Quinlan v. Liberty Bank &*

2

*Trust Co.,* 575 So.2d 336, 352 (La.1990)(on reh'g),and authorities cited therein. Accordingly, *as Big Foot* noted, the Louisiana courts have held that terms and conditions of a policy that have the effect of defeating the purpose of the direct action statute, such as "no action" clauses, are annulled or superseded by the statute. *Id.,* 887 F.2d at 613 (citing authorities). By the same token, this court in *Big Foot* held a policy clause that requires a personal injury claimant to await arbitration of a coverage dispute before litigating a suit against the insurer would have the same effect and must therefore meet the same fate of annulment or supersession. *Id.*

The district courts also correctly followed the steps of *Big Foot* in interpreting the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* ("FAA"), as not requiring arbitration for parties who have not contractually bound themselves to arbitrate their disputes. The FAA does not require arbitration unless the parties to a dispute have agreed to refer it to arbitration. *Big Foot,* 887 F.2d at 614 (citing *AT & T Technologies v. Communications Workers,* 475 U.S. 643, 647–648, 106 S.Ct. 1415, 1417-1418, 89 L.Ed.2d 648 (1986) and other cases). Likewise, the mandatory stay provision of the FAA does not apply to those who are not contractually bound by the arbitration agreement. *Id.* (citing *Coastal (Bermuda) Ltd., v. E.W.Saybolt & Co., Inc.,* 761 F.2d 198, 203 n. 6 (5th Cir.1985); *Nederlandse Erts-Tankersmaatschappij v. Isbrandtsen Co., Inc.,* 339 F.2d 440, 441 (2d Cir.1964)). Thus, the FAA, the source of the federal policy favoring arbitration, has no application to require

direct action plaintiffs to arbitrate or to stay their lawsuits during arbitration. *Big Foot,* 887 F.2d at 614.

We are not persuaded by Sphere Drake's argument that direct action plaintiffs are deemed to have consented to be bound by the insurance policy's arbitration clause simply because courts have said that such plaintiffs are to be treated as if they were third party beneficiaries of the insurance contract having standing to sue the insurer on the contract. *See Federal Deposit Insurance Corporation v. Duffy,* 47 F.3d 146, 150 (5th Cir.1995); *Shockley v. Sallows,* 615 F.2d 233, 238 (5th Cir.1980). Independently of the analogy between the direct action plaintiff and a third party beneficiary, the direct action statute grants a personal injury claimant a right of direct action against the tortfeasor's insurer on the policy regardless of any provision in the policy forbidding an immediate direct action. LA.REV.STAT.ANN. § 22:655. Moreover, the statute does not require the direct action plaintiff to consent to or abide by any policy provision that would contravene the right of the injured party to bring a direct action as provided by the statute. *See Big Foot,* 887 F.2d at 613 (citing *Ruiz v. Clancy,* 182 La. 935, 162 So. 734 (1935); *Rambin v. Southern Sales Co., Inc.,* 145 So. 46 (La.App.1932), and other Louisiana cases). Contrary to Sphere Drake's contention, *Allied-Bruce Terminix Companies, Inc. v. Dobson,* 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995), is inapposite because in that case the plaintiffs-homeowners sued Terminix on a written "Termite Protection Plan," containing an arbitration clause, to which they became a party when the plan was

4

transferred to them by their vendors. Typically, and in the present case, the direct action plaintiffs are not parties to the insurance contract or in privity with the insured. *See Big Foot,* 887 F.2d at 614 and n. 4.

Accordingly, we find the district court did not err in holding that Morales and Zimmerman, as direct action plaintiffs, were not bound by the arbitration clause.

II. Waiver of Non-Coverage Defense as to Morales

In one of these cases, *Morales v. ICCI and Sphere Drake,* Morales successfully moved for partial summary judgment declaring that Sphere Drake had waived its non-coverage defense based on an alleged misrepresentation by ICCI as to the number of crew members aboard the vessel. Sphere Drake argues that the district court erroneously granted Morales' motion for summary judgment striking the insurer's defense of non-coverage. ICCI argues, however, that we are without appellate jurisdiction to review an interlocutory judgment granting partial summary judgment in a direct action.

Appellate Jurisdiction and Standard of Review

As a general rule, "a partial summary judgment determining that a certain issue shall be deemed established for the trial of the case generally is not appealable until after the case has been tried." 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2715 (2d ed.1983). This circuit follows the general rule. *Resolution Trust Corp. v. U.S. Fidelity and Guaranty Co.,* 27 F.3d 122 (5th Cir.1994) (per curiam)(quoting WRIGHT ET AL.).

Here, the issue deemed established for the trial of the case

5

is that Sphere Drake waived its defense of non-coverage by defending ICCI against Morales' claims for eight months without reservation of rights despite factual notice that the crew number limitation had been violated at the time of the accident. We find that this determination is not final and separable from the rest of the issues, all turning on Sphere Drake's liability to its insured and Morales, so as to be reviewable on interlocutory appeal. Sphere Drake also appeals from the denial of its motion for reconsideration of the district court's ruling that the insurer had waived its defense of non-coverage. For the same reasons that we lack jurisdiction to review the grant of partial summary judgment, we find the denial of the motion for reconsideration unreviewable.

## Conclusion

We conclude that both district courts properly denied Sphere Drake's motions to stay litigation pending arbitration. Zimmerman's motion to dismiss and Sphere Drake's motion in opposition are denied as moot. Accordingly, the district courts' judgments are AFFIRMED.