[No. 41253-1-I. Division One. August 9, 1999.]

DAVID POWELL, *Appellant*, v. SPHERE DRAKE INSURANCE P.L.C., *Respondent*.

*Anthony Joseph Ginster*, for appellant.

*Robert Joseph Bocko* and *Philip Lempriere* of *Keesal, Young & Logan*, for respondent.

Cox, J. — A person who is not a party to an agreement to arbitrate may be bound to such an agreement only by ordinary principles of contract and agency.[1] David Powell was not a party to the insurance policy between Sphere Drake Insurance and its insured, and no principle of contract or agency binds him to arbitrate. Moreover, he asserts statutory claims against Sphere Drake that are outside of the policy. Therefore, we reverse the trial court's dismissal of his action against Sphere Drake.

Powell, a seaman, suffered injuries while working on the vessel *Alaskan Eight*. Two corporations, Alaskan Pacific Star, Inc., and Alaska Eight Star Enterprises, Inc., owned the vessel. In 1992, Powell commenced a personal injury action under the Jones Act in federal court against these corporations and arrested the vessel *Alaskan Eight* to secure payment of recovery of his claim. As a condition of releasing the vessel, a federal magistrate judge ordered the corporate owners of the vessel to post a bond of $160,000 to secure payment of any judgment Powell might obtain. The owners and Sphere Drake allegedly promised Powell that they would post the required bond. Relying on those promises, Powell released the vessel. After the vessel's release, neither the owners nor Sphere Drake posted the bond.

Thereafter, the corporate owners of the vessel dissolved. Sphere Drake, the insurer for the corporations, continued

---

[1] *Thomson-CSF, S.A. v. American Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995).

to provide the defense against Powell's personal injury claim. The federal court ultimately rendered a $125,000 judgment in favor of Powell against Alaskan Pacific Star. Because of that corporation's prior dissolution, there were no assets available to satisfy the judgment.

Powell then commenced this action against Sphere Drake. He alleged that Sphere Drake had violated the Consumer Protection Act[2] and the Uniform Fraudulent Transfer Act.[3] Sphere Drake brought a CR 12(b) motion to dismiss on two bases. First, it claimed that the "forum/venue" of the action was improper because its policy of insurance with the corporations contained a clause for mandatory arbitration in London. Second, it claimed that service of process was insufficient. The trial court granted the motion to dismiss on the basis that Washington was an improper forum. But it denied the motion to the extent of the claimed insufficient service of process.

We granted Powell's motion for discretionary review.

I. Agreement to Arbitrate

Powell argues that the trial court erred by dismissing his suit against Sphere Drake. We agree.

 The threshold question we must address is what standard of review applies to our consideration of the order of dismissal under CR 12(b). When the motion to dismiss is based on an agreement to arbitrate, the law is unsettled as to which subsection of the rule applies.[4] But we need not resolve this unsettled point. The parties agree that the sole basis of the trial court's ruling below was the application of the arbitration provision of the insurance policy to Powell,

---

[2]RCW 19.86 and WAC 284-30.

[3]RCW 19.40.

[4]See e.g., Heikkila v. Sphere Drake Ins. Underwriting Management, Ltd., 1997 WL 995625 at *2 (D. Guam 1997) (noting the various subsections of FED. R. CIV. P. 12(b), which parallel our civil rules, that have been applied to motions to dismiss based on arbitration clauses).

the judgment creditor of the insured. That is a ruling of law that we review de novo.[5]

The narrow question we must decide is whether, under the circumstances of this case, the arbitration provision in Sphere Drake's policy requires Powell, a person not a party to that agreement, to arbitrate in London. We hold that Powell is not bound to arbitrate his claims.

■ Enforcement of arbitration clauses in marine insurance contracts is governed by the Federal Arbitration Act.[6] Whether a particular dispute is governed by an arbitration clause is thus a matter of federal law:

> [T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute. The court is to make this determination by applying the " 'federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the [Federal Arbitration Act].' "[7]

But courts generally apply ordinary state law contract principles in deciding whether the parties agreed to arbitrate a particular dispute in the first place.[8]

A plain reading of Powell's amended complaint shows that his claims are based on alleged violations of the state Consumer Protection Act and the fraudulent conveyance act—not the policy of insurance itself. The gravamen of the former claim is that during the pendency of the prior action in federal court Sphere Drake agreed to post a bond to secure payment of the judgment Powell might obtain in exchange for release of the vessel. Sphere Drake failed to

---

[5]*See Kitsap County v. Allstate Ins. Co.*, 136 Wn.2d 567, 575, 964 P.2d 1173 (1998) (interpretation of insurance contract is question of law, reviewed de novo).

[6]9 U.S.C. §§ 1-307; Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-8, ratified the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958.

[7]*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S. Ct. 3346, 87 L. Ed. 2d 444 (1985).

[8]*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995).

honor its agreement. And that failure to post the bond after release of the vessel harmed Powell by leaving him without assets of the judgment debtor against which to satisfy his judgment. The fraudulent conveyance act claim is based on allegations that Sphere Drake was an "insider"[9] with respect to its now-defunct insured. As an insider, Sphere Drake performed acts and/or omissions for its insured that resulted in a fraudulent transfer of the judgment debtor's assets. These acts and/or omissions left the insured without assets against which Powell could levy to satisfy his judgment. While we do not reach the merits of these two claims because they have not yet been litigated, we disagree with Sphere Drake's contention that they are no more than artful pleading. They are statutory claims that are separate from the insurance contract itself.

Viewed in these ways, the respective claims are based on Sphere Drake's alleged violations of certain statutes well after it insured the judgment debtor. The claims do not arise merely because Sphere Drake insured that judgment debtor. And Powell expressly disclaims making any claims based on the insurance policy itself.

With these points in mind, we turn to the question of whether Powell is bound by an arbitration provision in a contract to which he was not a party. In *Thomson*,[10] the Second Circuit addressed the same question. We note that neither party to this action cited *Thomson*.

There, the court started with the general proposition that nonsignatories generally will be bound to arbitrate only when ordinary principles of contract and agency dictate such a result.[11] The court then examined five theories for binding nonsignatories to arbitration agreements.

---

[9]RCW 19.40.011(7)(ii)(C).

[10]*Thomson-CSF, S.A. v. American Arbitration Ass'n*, 64 F.2d 773 (2d Cir. 1995).

[11]*Id.* at 776. *See also Cariaga v. Local No. 1184 Laborers Int'l Union*, 154 F.3d 1072, 1074 (9th Cir. 1998) (because arbitration is a matter of contract, a party will not be required to submit to arbitration unless that party has agreed to do so); *Beach Air Conditioning & Heating, Inc. v. Sheet Metal Workers Int'l Ass'n Local 102*, 55 F.3d 474, 476 (9th Cir. 1995) (same).

These theories are 1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel.[12] Because none of the five theories applied in that case, the court concluded that the nonsignatory could not be bound by the arbitration clause.

■ Sphere Drake does not and cannot contend that any of these five theories apply here to bind Powell to a clause in an agreement to which he was not a party. We conclude that the reasoning of *Thomson* is sound and should be applied to this case. That case is consistent with the principle that arbitration agreements are a matter of contract.

Sphere Drake relies heavily on three cases to support its argument that Powell is bound by the agreement to arbitrate between Sphere Drake and its insured.[13] But all of these cases are distinguishable.

In *Aasma*,[14] merchant mariners brought asbestosis claims against their former employers, who were insured by two marine protection and indemnity associations. After the employers filed for bankruptcy, the mariners sought to bring their asbestosis claims directly against the associations. In doing so, the mariners claimed the right to stand in the shoes of their former employers and recover for their injuries under the employers' indemnity contracts with the associations. The court held that the seamen were bound by an arbitration clause in one of those contracts because they had no claims that did not "derive from" that contract:

"When a plaintiff 'bases its right to sue on the contract itself, *not upon a statute or some other basis outside the contract,* the

---

[12]*Thomson*, 64 F.3d at 776.

[13]*Aasma v. American S.S. Owners Mut. Protection & Indem. Ass'n*, 95 F.3d 400 (6th Cir. 1996); *Heikkila*, 1997 WL 995625; *McAleer v. John Does 1-10*, 1996 WL 384248 (1996).

[14]*Aasma v. American S.S. Owners Mut. Protection & Indem. Ass'n*, 95 F.3d 400 (6th Cir. 1996).

provision requiring arbitration as a condition precedent to recovery must be observed.' "[15]

Similarly, in *Heikkila,* a case brought by a seaman against Sphere Drake under Guam's direct action statute, the court concluded: "In a dispute with the insurer, therefore, the direct action seaman is no less bound by the arbitration clause than the insured would have been."[16] The court based its conclusion on the express provisions of the statute at issue there, which premised the right of direct action on the plaintiff being bound by the provisions of the insurance policy.[17] *McAleer* reaches the same conclusion in a direct action suit brought by the estate of a seaman against the vessel's insurers.[18]

None of these cases involved alleged violations by the insurer that gave rise to statutory claims not based on the insurance policies themselves. Even *Aasma,* the case on which Sphere Drake principally relies, carved out an exception for statutory claims. And in the cases where direct action statutes were at issue, the outcomes were dictated by the wording of those statutes.

Sphere Drake contends that Powell must be bound by the arbitration clause because all of his claims necessarily

---

[15]*Aasma,* 95 F.3d at 405 (emphasis added) (quoting *Cheshire Place Assocs. v. West of Eng. Ship Owners Mut. Ins. Ass'n,* 815 F. Supp. 593, 597 (E.D.N.Y. 1993) (vessel and marine equipment owners bound by arbitration clause because they derived their rights from application for the insurance policy containing that clause) (quoting *Wells Fargo Bank Int'l Corp. v. London S.S. Owners Mut. Ins. Ass'n,* 408 F. Supp. 626, 630 n.10 (S.D.N.Y. 1976) (mortgagee, who was a loss payee on an insurance policy, sued for payments allegedly due under that policy, and was bound by arbitration provision in the policy)). We note that both of these United States District Court cases cited in *Aasma* are from the Second Circuit. Presumably, they are controlled by the principles stated in *Thomson,* although neither is cited in that case.

[16]*Heikkila v. Sphere Drake Underwriting Management, Ltd.,* 1997 WL 995625 at *8 (D. Guam 1997).

[17]*Id.* at *5 ("The plain language of the direct action statute answers this question. The express language of § 18305 limits the 'right of direct action against the insurer *within the terms and limits of the policy.'* "). (Emphasis added.)

[18]*McAleer v. John Does 1-10,* 1996 WL 384248 (1996).

"concern" the original contract of insurance.[19] This fact alone, argues Sphere Drake, is sufficient to situate all of Powell's statutory claims within the ambit of the contract's mandatory arbitration provision. In support of this argument, Sphere Drake cites several United States Supreme Court decisions.[20] But in each of those cases, there was no question that the party asserting the statutory claims was a party to the contract containing the arbitration clause. Thus, the cases are not helpful in resolving the question of whether Powell, who is not a party to the contract containing the arbitration clause, must submit to arbitration of his statutory claims against Sphere Drake. Moreover, contrary to Sphere Drake's contentions, federal case law confirms that, despite the strong policy in favor of arbitration, parties to a dispute will generally not be compelled to arbitrate unless they have agreed to do so.[21]

■ For the first time on appeal, Sphere Drake argues that Powell's statutory claims fail because third-party claimants may not sue an insurer directly for "wrongful conduct in the course of an underlying claim, even where

---

[19]Br. of Resp't at 10.

[20]*Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226, 107 S. Ct. 2332, 96 L. Ed. 2d 185 (1987) (holding that "duty to enforce arbitration agreements is not diminished when a party bound by an agreement raises a claim founded on statutory rights"); *Perry v. Thomas*, 482 U.S. 483, 107 S. Ct. 2520, 96 L. Ed. 2d 426 (1987) (where appellee had signed form agreeing to arbitrate any dispute with his employer, the Federal Arbitration Act preempted any state statute requiring judicial consideration of claims); *Mitsubishi*, 473 U.S. at 624-28 (when a party is bound by an arbitration clause, the statutory claims raised by that party are also subject to arbitration); *Southland Corp. v. Keating*, 465 U.S. 1, 104 S. Ct. 852, 79 L. Ed. 2d 1 (1984) (where franchisees are parties to franchise agreement containing arbitration clause, Federal Arbitration Act preempts state statute requiring judicial consideration of claims).

[21]*See, e.g., Zimmerman v. International Cos. & Consulting, Inc.*, 107 F.3d 344, 346 (5th Cir. 1997); *Morewitz v. West of Eng. Ship Owners Mut. Protection & Indem. Ass'n*, 62 F.3d 1356, 1365 (11th Cir. 1995) ("Although we recognize that Morewitz now 'stands in the shoes' of General Development, we are reluctant to mandate arbitration where the claimants clearly did not bargain to do so."), *cert. denied*, 516 U.S. 1114 (1996); *In re Talbott Big Foot, Inc.*, 887 F.2d 611, 614 (5th Cir. 1989) (citing, inter alia, *AT&T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648-49, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986)).

suit is brought on statutory claims."[22] We generally do not consider arguments raised for the first time on appeal.[23] Moreover, because the court below ruled solely on the basis of the arbitration clause, we do not reach the merits of any of Powell's statutory claims against Sphere Drake. And, because we have resolved this portion of the case in favor of Powell on the basis of the arbitration clause, we need not reach Powell's other arguments in support of reversal.

## II. Service of Process

Sphere Drake contends that the insufficiency of service of process provides an alternative basis for upholding the trial court's dismissal of Powell's claims. We disagree.

■ We may affirm an order of dismissal on any basis within the pleadings and proof.[24] Thus, Sphere Drake's failure to cross-appeal this issue does not preclude our review of it. Nonetheless, on the insufficient record before us, we cannot affirm the order of dismissal on this alternative basis.

■ A trial court does not have jurisdiction over a defendant who is not properly served.[25] Service of process is sufficient only if it satisfies the minimum requirements of due process and the requirements set forth by statute.[26] Powell contends that he complied with RCW 4.28.080(10) when he served LaMorte Burns & Co. in Olympia. But Sphere Drake claims that RCW 4.28.080(7) sets forth the *exclusive* method for effecting proper service here. That statute states that service upon "a foreign or alien insurance company [shall be made] as provided in chapter 48.05

---

[22]Br. of Resp't at 13.

[23]*Doe v. Puget Sound Blood Ctr.*, 117 Wn.2d 772, 780, 819 P.2d 370 (1991).

[24]*LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027, *cert. denied*, 493 U.S. 814 (1989).

[25]*Scott v. Goldman*, 82 Wn. App. 1, 6, 917 P.2d 131, *review denied*, 130 Wn.2d 1004 (1996).

[26]*Weiss v. Glemp*, 127 Wn.2d 726, 734, 903 P.2d 455 (1995).

RCW." RCW 48.05.215(2) states that "service of legal process against such unauthorized foreign or alien insurer *may be made* by service of duplicate copies of legal process on the [state insurance] commissioner."[27]

Powell contends that RCW 4.28.080(7) cannot be read as the exclusive method for effecting service upon an alien insurer. We agree.

Under RCW 4.28.180 and .185, for instance, alien insurers can always be served directly by means of extraterritorial service.[28] Similarly, if the alien insurer designates a domestic agent for receipt of service of process, a plaintiff abides by the statutory requirements of RCW 4.28.080(10)[29] by serving that designated agent.

■ Service on a foreign corporation under RCW 4.28.080(10) is reviewed for substantial compliance.[30] In determining substantial compliance, the inquiry focuses on whether the method of attempted service was reasonably calculated to provide notice to the defendant.[31]

Here, Powell contends that he complied with RCW 4.28.080(10) when he served LaMorte Burns. Sphere Drake contends that LaMorte Burns was not its designated agent for receipt of service of process. But Powell presents an excerpt of a Sphere Drake contract designating LaMorte Burns in Connecticut as its sole agent for receipt of service of process for actions commenced in New York. No copy of the contract at issue here is in the record. Nor is there enough in the record to determine whether service on a LaMorte Burns agent in Washington, rather than Connecticut, is sufficient here. In light of this inadequate record,

---

[27](Emphasis added.)

[28]*Kiblen v. Mutual of Omaha Ins. Co.*, 42 Wn. App. 65, 68, 708 P.2d 1215 (1985).

[29]RCW 4.28.080(10) states: "If the suit be against a foreign corporation or nonresident joint stock company, partnership or association doing business within this state, to any agent, cashier or secretary thereof."

[30]*Reiner v. Pittsburgh Des Moines Corp.*, 101 Wn.2d 475, 479-80, 680 P.2d 55 (1984).

[31]*See Wichert v. Cardwell*, 117 Wn.2d 148, 152, 812 P.2d 858 (1991).

the service of process issue does not present an alternate basis for affirming the order of dismissal.

We reverse the order of dismissal and remand for further proceedings.

BAKER and BECKER, JJ., concur.