

**FILE**

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE MAR 2 2 2018

CHIEF JUSTICE

This opinion was filed for record

at _8:00 am_ on _March 22, 2018_

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON IN | ) ) ) ) ) | |
| OHIO SECURITY INSURANCE COMPANY, | ) ) ) | NO. 94677-9 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | EN BANC |
| AXIS INSURANCE COMPANY, | ) ) ) | Filed: MAR 2 2 2018 |
| Defendant. | ) ) | |

YU, J.—This case involves an insurance coverage dispute between two authorized foreign insurers, Ohio Security Insurance Company and AXIS Insurance Company. Ohio Security tried to serve AXIS at its office in Chicago, Illinois, rather than through the Washington State Office of the Insurance Commissioner.

The United States District Court for the Western District of Washington certified a question to this court, asking whether Washington law establishes service through the Washington State Insurance Commissioner (Insurance Commissioner) as the exclusive means of service for authorized foreign insurers in Washington. The answer to the certified question is yes—RCW 4.28.080(7)(a) provides the exclusive means of service on authorized foreign insurers.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ohio Security and AXIS became involved in an insurance coverage dispute after a snow storm caused structural damage to a commercial building in Washington. Ohio Security's insured, Grosso Enterprises Tacoma LLC, leased a building to AXIS's insured, Reddy Ice Holdings. The roof of that building collapsed during a 2012 snow storm, which prompted Grosso and Reddy Ice to tender claims to their respective insurers. Ohio Security alleges that it paid for Grosso's loss and that AXIS has an equitable obligation to reimburse Ohio Security for these expenses. Ohio Security sued AXIS in Pierce County Superior Court, but failed to serve the Insurance Commissioner as required by RCW

---

[1] Ohio Security asserted at oral argument that it should be excused for its failure to properly serve AXIS because AXIS received timely service of process and was not prejudiced. Wash. Supreme Court oral argument, *Ohio Sec. Ins. Co. v. Axis Ins. Co.*, No. 94677-9 (Feb. 27, 2018), at 19 min., 30 sec., *audio recording by* TVW, Washington State's Public Affairs Network, http://www.tvw.org. We decline to address this issue and defer resolution of the question to the district court.

4.28.080(7)(a). Instead, Ohio Security served AXIS at its Chicago office pursuant to RCW 4.28.080(10) and Washington's long arm statute, RCW 4.28.185.

Ohio Security served the Insurance Commissioner only after AXIS filed a motion to dismiss for improper service. By this time, the statute of limitations on Ohio Security's claim had already expired. AXIS removed the lawsuit to federal court, where both AXIS and Ohio Security filed summary judgment motions. AXIS argued, in part, that Ohio Security's equitable contribution claim was time barred because its improper service failed to toll the statute of limitations. The district court then certified the following question to this court.

## II. CERTIFIED QUESTION

"Do RCW 4.28.080(7)(a), RCW 48.02.200, and RCW 48.05.200 establish service through the Washington State Insurance Commissioner as a uniform and exclusive means of service for authorized foreign or alien insurers in Washington State?" Order Certifying Question to Wash. State Supreme Ct., *Ohio Sec. Ins. Co. v. Axis Ins. Co.*, No. C15-5698 BHS, at 2 (W.D. Wash. June 20, 2017).

## III. ANALYSIS

The legislature has the authority to designate an official as the exclusive agent to receive service of process on behalf of certain classes of defendants. *Nitardy v. Snohomish County*, 105 Wn.2d 133, 135, 712 P.2d 296 (1986). When

the legislature has identified a specific person to receive service, then service on anyone else "is insufficient." *Id.* This case requires us to sort out multiple statutes to determine who the legislature has designated to receive service of a summons for actions commenced against an authorized foreign insurance company and whether it is exclusive. We answer this certified question of statutory interpretation as a matter of law. *Jin Zhu v. N. Cent. Educ. Serv. Dist.—ESD 171*, 189 Wn.2d 607, 613, 404 P.3d 504 (2017).

1.  The plain language of RCW 4.28.080 and RCW 48.05.200(1) designate the Insurance Commissioner as the exclusive agent to receive service

RCW 4.28.080 governs service of a summons. As with all cases involving statutory interpretation, we consider the plain language of the statute to determine the legislature's intent. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). The statute designates who should be served a summons based on the class of defendants. In this case, the issue is whether the statutory provision that governs service for actions against "an authorized foreign or alien insurance company" provides the *exclusive* means of service on defendant AXIS, an authorized foreign insurer. RCW 4.28.080(7)(a). The statute dictates that service of a summons on "an authorized foreign or alien insurance company" is "as provided in RCW 48.05.200." *Id.*

Turning to RCW 48.05.200(1), it states:

> Each authorized foreign or alien insurer *must* appoint the commissioner as its attorney to receive service of, and upon whom must be served, all legal process issued against it in this state upon causes of action arising within this state. Service upon the commissioner as attorney constitutes service upon the insurer. *Service of legal process against the insurer can be had only by service upon the commissioner*, except actions upon contractor bonds pursuant to RCW 18.27.040, where service may be upon the department of labor and industries.

(Emphasis added.)

The word "must" means "is required . . . to" and places a mandatory duty on the subject of the clause. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1492 (2002). Therefore, the plain language of the statute requires that the authorized foreign insurer appoint the Insurance Commissioner as its attorney to accept service of legal process. The requirement that service of process can be had "only" on the Insurance Commissioner means that the Insurance Commissioner is the exclusive agent for accepting service on behalf of an authorized foreign insurer.[2] As we determined in *Nitardy*, service on any party other than the official designated by the legislature "is insufficient." 105 Wn.2d at 135. The only exception to this statute is in actions involving

---

[2] The certified question also cites RCW 48.02.200. While not critical to the analysis here, we note that in light of RCW 48.05.200(1)'s requirement that authorized foreign insurers appoint the Insurance Commissioner to receive service of legal process, the plain language of RCW 48.02.200 also requires that service be made on the Insurance Commissioner. RCW 48.02.200(1)(a) ("Legal process against a person . . . for whom the commissioner has been appointed attorney for service of process . . . must be served upon the commissioner.").

contractor bonds, but this case involves an insurance coverage dispute and does not implicate this exception.

Despite the plain language of the statute, Ohio Security argues that it properly served AXIS at its Chicago offices because the legislature has provided two ways to serve a foreign authorized insurer. In addition to the procedures provided by RCW 4.28.080(7)(a), Ohio Security claims that service is also proper if it follows a different statutory provision in RCW 4.28.080 that applies when a defendant is "*a foreign corporation* or nonresident joint stock company, partnership or association doing business within this state." RCW 4.28.080(10) (emphasis added). Service of a summons is then on "*any agent*, cashier or secretary thereof" and in compliance with the service provisions of Washington's long arm statute, RCW 4.28.185. *Id.* (emphasis added). Thus, Ohio Security contends that service is proper by serving the foreign insurer's agent in compliance with the long arm statute, RCW 4.28.185.[3]

Ohio Security's interpretation not only defies the plain language mandate of RCW 4.28.080(7)(a) and 48.05.200(1), but it also runs counter to a fundamental canon of statutory construction—*generalia specialibus non derogant* (the specific governs the general). *Nitro-Lift Techs., LLC v. Howard*,

---

[3] We note that Ohio Security's interpretation also conflicts with the plain language of the long arm statute, which states that "[p]ersonal service outside the state shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state."

568 U.S. 17, 21-22, 133 S. Ct. 500, 184 L. Ed. 2d 328 (2012). "It is well settled that a more specific statute prevails over a general one should an apparent conflict exist." *Flight Options, LLC v. Dep't of Revenue*, 172 Wn.2d 487, 504, 259 P.3d 234 (2011).

Permitting alternative methods of service for an authorized foreign insurer would create a conflict between the statutes. On the one hand, service "can be had only . . . upon the commissioner" pursuant to RCW 48.05.200(1) and, on the other hand, service must be on "any agent, cashier or secretary" of the corporation pursuant to RCW 4.28.080(10). A party cannot comply with both. Applying the general-specific rule, we use the statute governing service of process that applies only to the commencement of actions against authorized foreign insurers because it is more specific than the statute that applies broadly to service on foreign corporations. *Compare* RCW 48.05.200(1), *with* RCW 4.28.080(10). Thus, even if we construe both statutes as applicable, we give effect to RCW 48.05.200(1) because it is more specific. *See Flight Options*, 172 Wn.2d at 504.

In sum, Ohio Security's arguments that RCW 4.28.080(7)(a) and .080(10) create two alternative means of service on an authorized foreign insurer is unconvincing. Pursuant to RCW 4.28.080(7)(a), service on an authorized

---

RCW 4.28.185(4). Because service *can* be made on the Insurance Commissioner, the long arm statute would not permit service on the foreign insurer's agent outside of the state.

foreign insurer must comply with RCW 48.05.200(1). The plain language of RCW 48.05.200(1) places a mandatory duty on an authorized foreign insurer to appoint the Insurance Commissioner as its attorney to receive service of process and establishes the Insurance Commissioner as the exclusive agent to accept service on behalf of the insurer. Thus, the answer to the certified question is yes.

2. The Court of Appeals opinions relied on by Ohio Security are distinguishable

While we resolve this case on the statute's plain language, we take this opportunity to distinguish two Court of Appeals cases relied on by Ohio Security. First, Ohio Security cites *Powell v. Sphere Drake Insurance PLC*, 97 Wn. App. 890, 988 P.2d 12 (1999), but it involved an *unauthorized* foreign insurer.[4] The question was whether former RCW 48.05.215 (1981), rather than the statute at issue here, RCW 48.05.200, provided the exclusive means for service on the insurer.[5] *Id.* at 899-900. Because it involved a different statutory provision, *Powell* is not relevant to the resolution of this certified question.

---

[4] AXIS describes the differences between foreign authorized and unauthorized insurers and argues there may be policy justifications for subjecting them to different service requirements. Reply Br. of Def. AXIS Ins. Co. at 5-6. Authorized foreign insurers obtain a certificate to sell insurance in Washington and are members of the Washington Insurance Guaranty Association (WIGA), which guarantees payment of covered claims. *Id.* at 5. Unauthorized foreign insurers underwrite "'surplus lines,'" which are not available on the admitted market and are not covered by WIGA. *Id.* at 6.

[5] Furthermore, unlike the mandatory language of RCW 48.05.200(1), former RCW 48.05.215(2) had permissive language: "[S]ervice of legal process against such unauthorized foreign or alien insurer *may be made* by service of duplicate copies of legal process on the commissioner." (Emphasis added.)

Second, Ohio Security relies on *Kiblen v. Mutual of Omaha Insurance Co.*, 42 Wn. App. 65, 708 P.2d 1215 (1985). In *Kiblen*, an individual served legal process on an authorized foreign insurer at the insurer's home office in Omaha, Nebraska. The Court of Appeals held that Washington's long arm statute, former RCW 4.28.185 (1977), and its companion service statute, RCW 4.28.180, provided an alternative to former RCW 48.05.200 (1985) for service on authorized foreign insurers. The court reasoned that former RCW 48.05.200(1) did not place a mandatory duty on authorized foreign insurers to appoint the Insurance Commissioner as its attorney to receive legal process because the statute at the time stated that a foreign insurer "shall" appoint the Insurance Commissioner, which "indicates at best a preference for service upon the Insurance Commissioner." Former RCW 48.05.200(1) (1985); *Kiblen*, 42 Wn. App. at 67-68.

We do not need to address whether *Kiblen* was correctly decided because the legislature subsequently amended RCW 48.05.200 in 2011 to replace the word "shall" with "must," thereby removing any ambiguity as to whether an authorized foreign insurer has a mandatory duty to appoint the Insurance Commissioner as the exclusive agent to receive service of process. LAWS OF

2011, 1st Spec. Sess., ch. 47, § 5.[6] Thus, *Kiblen* has been abrogated by statutory amendment and has no bearing on our resolution of this case.

## IV. CONCLUSION

The answer to the certified question is yes. RCW 4.28.080(7)(a) and RCW 48.05.200(1) establish service through the Insurance Commissioner as the exclusive means of service for authorized foreign or alien insurers in Washington.

---

[6] Ohio Security asserted at oral argument that the 2011 amendment could not have been intended to clarify the meaning of the statute because "[i]t was a mere cleanup" of the statute. Wash. Supreme Court oral argument, *supra*, at 30 min., 30 sec. However, the legislative history indicates otherwise. Senate Bill 5213 contained "minor substantive or technical changes" that "complete[d] the 2010 modernization process by requiring various insurance providers . . . that are foreign . . . to appoint the Commissioner as its attorney to receive service of legal process"). FINAL B. REP. ON S.B. 5213, at 1, 62d Leg., Reg. Sess. (Wash. 2011). Therefore, the effect of the bill was to make clear that an authorized foreign insurer must appoint the Insurance Commissioner as its exclusive agent to receive service of process.

_____ _____
                          _____, J.

WE CONCUR:

_____    _____
Fairhurst, C.J.                Stephens, J.

_____    _____
Johnson, J.                    Wiggins, J.

_____    _____
Madsen, J.                     González, J.

_____    _____
Owens, J.                      Gordon McCloud, J.

- 11 -